The People of the State of Illinois, Plaintiff-Appellee, v. Willie Reed, Jr., Defendant-Appellant.

(Nos. 55686, 55687 cons.; ▮▮▮▮▮▮▮

First District—December 29, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard A. Redmond, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

These are two appeals from the Circuit Court of Cook County, one for armed robbery, the other for bail jumping, the cases being consolidated in this court.

The defendant, Willie Reed, Junior, was indicted for the crimes of armed robbery and bail jumping. The trial court accepted the defendant's plea of guilty to each indictment and sentenced him to two to six years for armed robbery and two to five years for bail jumping. Such sentences are to run concurrently.

The sole issue on appeal is whether the trial court erred in not advising the defendant prior to acceptance of his guilty pleas that the court could have imposed consecutive sentences.

The defendant appeared in court on September 3, 1970, at which time the defendant, through his private counsel and by himself, entered pleas of guilty to both indictments. Before accepting either plea, the judge informed Mr. Reed of his right to plead not guilty, the nature of the

charges against him, his right to a trial by jury, his right to confront witnesses, and his right concerning self-incrimination. The judge also told the defendant of the maximum and minimum penalties for each offense, but he failed to advise him that these sentences could be imposed consecutively.

Defendant Reed contends that this single omission constitutes error by the trial court in light of Supreme Court Rule 402, effective September 1, 1970. This court does not agree with the defendant. Supreme Court Rule 402 requires only "substantial compliance" with its provisions. Further, the Illinois Supreme Court has indicated it will adopt a realistic rather than a rigid approach in construing "substantial compliance":

"The record of the trial court's admonition of the defendant at the change-of-plea proceedings shows substantial compliance with our Rule 402 * * * in effect at the time in question * * *. The free and voluntary character of defendant's plea, as disclosed in this record, is uncontradicted by factual allegations in the petition or by the accompanying affidavits. The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences." *People v. Mendoza* (1971), 48 Ill.2d 371, 270 N.E.2d 30.

The present record establishes that defendant was aware of the consequences. The judge, following Rule 402, comprehensively informed the defendant of: (a) the nature of the charge; (b) the minimum and maximum penalties for each charge as prescribed by law; (c) his right to plead not guilty; and (d) his right to a trial by jury and to confront witnesses. The judge also made sure the plea, in both cases, was voluntary and rested on a factual basis; he, therefore, substantially complied with the procedure set forth in Supreme Court Rule 402. In addition it was agreed on oral argument that they were negotiated pleas, and the defendant knew in advance what the sentences would be. He therefore was not prejudiced in any manner.

For the reasons stated herein, the judgment of the trial court is affirmed in both cases.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.