THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MONTE WILLIAM ZATZ, Defendant-Appellant.

(No. 11890;

Fourth District—August 1, 1973.

Julius Lucius Echeles, Frederick F. Cohn, and Carolyn Jaffe, all of Chicago, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Gerald Lanter and Walter H. Kasten, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The grand jury returned four indictments containing five counts of forgery. On July 26, 1971, defendant was arraigned and plead not guilty. Defendant was represented by privately retained counsel. Subsequently, defendant withdrew his plea and entered a plea of guilty. The trial court imposed a sentence of 1 to 5 years on each count, to be served concurrently.

On appeal, defendant contends that his plea of guilty should be vacated because he was not sufficiently advised of the consequences of his plea and because the trial court abused its discretion in denying probation.

The charges arose from defendant's "knowingly delivering documents, capable of defrauding another" and knowing said documents to have been made by someone other than the drawer. The documents consisted of checks payable to the order of various Springfield stores.

Judgment was entered on defendant's guilty plea. Defendant filed his petition for probation and the matter was continued for a hearing. The probation officer's report was filed recommending defendant for probation. Defendant's motion to vacate his guilty plea for failure of the trial court to inform of the possibility of consecutive sentences was denied. The trial court denied defendant's petition for probation, and according to agreement of the parties, considered the evidence presented at the probation hearing in aggravation and mitigation.

Defendant argues that Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)) requires the trial court to inform a defendant of the possibility of consecutive sentences where such exists. This portion of the rule reads:

> "The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: * * * the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; * * *."

The trial court informed defendant that he might be "sentenced to a penitentiary for a period of not less than one nor more than fourteen years, that is, a sentence from one to fourteen, that is, not less than one or any number from one to fourteen and not more than fourteen."

At the time defendant entered his plea of guilty, consecutive sentences could be entered when a person was convicted of two or more offenses not resulting from the same conduct. (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(m).) The possibility of consecutive sentences on the forgery counts existed. The trial court dismissed defendant's motion to withdraw his plea finding that defendant had not been prejudiced by the court's failure to advise of the possibility of consecutive sentences.

Defendant relies heavily on *People v. Flannigan,* 131 Ill.App.2d 1059, 267 N.E.2d 739, where defendant plead guilty to reckless driving—second offense. Defendant had previously been convicted in a jury trial of resisting a peace officer. Sentences of 1 to 6 years were imposed on each conviction to run consecutively. The plea was entered prior to the adoption of Supreme Court Rule 402. At page 1065, the court stated:

> "Where a defendant is charged with more than one crime, the manner in which he may have to serve the sentences imposed for those crimes, whether consecutively or concurrently, is obviously a consequence of his plea, and must be considered as crucial to his decision as the admonition on the maximum penalty for each of the charges. * * *."

The court vacated the conviction for reckless driving and remanded for defendant to plead anew. The trial court recognized the possibility of unintentionally misleading defendant by informing him that the maximum penalty was imprisonment not to exceed six months and a fine not to exceed $1,000 when the trial court knew of the possibility of consecutive sentences.

The *Flannigan* case is distinguishable in that consecutive sentences were actually imposed; whereas here, concurrent sentences were imposed. Thus, resulting prejudice to Zatz is not as readily discernible. There are other cases supporting defendant's contention, but they were also decided before the effective date of Supreme Court Rule 402. *People v. Bratu*, 121 Ill.App.2d 439, 257 N.E.2d 607; *People v. Carpenter*, 2 Ill. App.3d 372, 276 N.E.2d 457; and *People v. Dixon*, 2 Ill.App.3d 279, 276 N.E.2d 42.

In *People v. Reed*, 3 Ill.App.3d 293, 278 N.E.2d 524, the trial court accepted defendant's guilty pleas to the crimes of armed robbery and bail jumping subsequent to the adoption of Supreme Court Rule 402. Defendant was sentenced to 2 to 5 years on the latter offense and to 2 to 6 years on the former. The sentences were to run concurrently. On appeal, defendant contended that the trial court erred in failing to advise defendant of the possibility of consecutive sentences. The reviewing court found substantial compliance with Rule 402 and noted that defendant entered negotiated pleas and knew in advance the sentence to be imposed. *Reed* is distinguishable from Zatz in that Zatz did not enter negotiated pleas nor is there any indication in the record that he knew of the sentence to be recommended by the State's Attorney.

■■ Supreme Court Rule 402 requires that defendant be informed of the possibility of consecutive sentences in order to insure an intelligent and understanding plea. Therefore, defendant's plea of guilty should be vacated. (See ABA Standards Relating to Pleas of Guilty, Approved Draft, 1968, sec. 1.4(c)(i).)

In view of the conclusion reached, it is not necessary to consider defendant's contention that the trial court abused its discretion in denying probation. This issue can be reconsidered by the trial court upon further proceedings in that court under the facts and circumstances now existent.

■■ The convictions for forgery are vacated and the case is remanded to the circuit court of Sangamon County with direction to permit the defendant to plead anew.

Reversed and remanded with direction.

SMITH and SIMKINS, JJ., concur.