THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORLISS E. BACK, Defendant-Appellant.

(No. 73-237;

Fifth District—April 22, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael J. Rosborough, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahimann, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On February 20, 1973, two indictments were filed in St. Clair County charging the defendant with a total of four counts of armed robbery. One indictment charged three counts of armed robbery, the other charged a single count.

On March 2, 1973, the defendant was arraigned on two separate occasions, one arraignment for each indictment. The defendant plead not guilty in each case.

On April 3, 1973, the defendant sought to withdraw those pleas of not guilty and to enter a plea of guilty to the charges of both indictments, pursuant to plea agreement.

By the terms of the agreement the State would recommend a sentence of from 4 to 6 years on each of the four counts of armed robbery, such sentences to run concurrently.

After admonishing and informing the defendant of certain consequences of a guilty plea, the trial court accepted such pleas and sentenced the defendant to the Department of Corrections of the State of Illinois according to the plea agreement.

On appeal the defendant maintains *inter alia* that Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)) requires the trial court to inform the defendant of the possibility of consecutive sentences where such exists. Rule 402(a)(2) provides as follows:

> "The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: * * * the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; * * * *"

■■ The defendant directs us to *People v. Zatz*, 13 Ill.App.3d 322, as holding that the court must inform the defendant of possible consecutive sentences. The court in *Zatz* discussed the case of *People v. Reed*, 3 Ill.App.3d 293, 278 N.E.2d 524, where the court found substantial compliance with Rule 402 because although defendant was not informed of the possibility of consecutive sentences, he had entered a negotiated plea and knew the sentence to be imposed. The court went on to say: "*Reed* is distinguishable from *Zatz* in that *Zatz* did not enter negotiated pleas nor is there any indication in the record that he knew of the sentence to be recommended by the State's Attorney." In the case at bar the defendant had entered a negotiated plea and knew in advance what the sentence would be. Thus under the reasoning of *Zatz* the failure to inform him of possible consecutive sentences standing alone did not constitute reversible error.

The defendant also contends that the court failed to admonish the defendant concerning the possible minimum and maximum sentence as required by Supreme Court Rule 402(a)(2). The record reveals that the court made the following admonishment concerning the possible sentence:

> Q: "That, normally, the penalty for the crime of armed robbery, which is a felony, first class, would be not less than four years and upward for an indeterminate sentence, do you understand that?
> A: Yes.

In the case of *People v. Fairchild*, 133 Ill.App.2d 875, we reviewed among other cases *People v. Terry*, 44 Ill.2d 38, where the admonition was that the penalty for burglary was an indeterminate sentence in the penitentiary of not less than 1 year was held insufficient to satisfy the

requirement. We then concluded that the admonition in *Fairchild* was also insufficient. The admonition consisted of "* * * one convicted of BURGLARY is sentenced to an indeterminate period at the State Penitentiary or the Department of Corrections for an indeterminate period of a minimum of one year, and the Court can fix the minimum and maximum. Do you understand that? The defendant replied, 'Yes, Sir.'"

The State points out that in *Fairchild* the plea was not negotiated. We said in *People v. Buck*, 7 Ill.App.3d 758, that we rejected such an argument.

■■ Pursuant to our decision in *People v. Buck, supra*, we hold that the failure to inform the defendant the possible extent of the maximum sentence violated the requirements of Rule 402(a)(2) and in this case constituted reversible error. Because our decision on this issue is dispositive of the case we need not consider the other issues raised by the defendant.

Reversed and remanded.

G. MORAN, P. J., and EBERSPACHER, J., concur.