THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DYE, Defendant-Appellant.

(No. 12299; ▮▮▮▮▮▮▮▮▮▮▮▮▮

Fourth District—November 21, 1974.

432

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (John R. McClory, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from convictions entered upon his respective pleas of guilty to burglary and two counts of theft under $150. Concurrent sentences of 3 years to 20 years for burglary and 1 year on each charge of theft were imposed.

■■ The pleas were made without any negotiation or bargaining. We agree with defendant's position that the convictions upon the charges of theft must be reversed. The defendant, with others, entered the home of one Jones, taking Jones' property and that of his son. In *People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316, *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, and *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679, it is said that sentences should not be imposed for each of several offenses resulting from acts which are not otherwise separable or independently motivated. It cannot properly be said that the respective thefts were independently motivated or otherwise separable from the burglary within the context of such decisional law.

Defendant also challenges the sufficiency of the court's admonition under Supreme Court Rule 402 at the time of taking the plea. Such contentions are supported only by exploitation of certain language in *People v. Harl*, 11 Ill.App.3d 372, 297 N.E.2d 404. In *People v. Butchek*, 22 Ill.App.3d 391, 317 N.E.2d 148, it was pointed out that such language was dicta and that the functions of the admonitions required by the Rule was to establish a valid plea of guilty and not to provide a "bargaining tool."

■■ One such contention is that the plea is invalid in that the court failed to advise defendant that consecutive sentences might be imposed for the offenses charged. Where appropriate, an admonition concerning possible consecutive sentences is required under Supreme Court Rule 402. Section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a)) includes the language:

> "The court shall not impose consecutive sentences for offenses which were committed as a part of a single course of conduct during which there was no substantial change in the nature of the criminal objective."

At the time of sentence such language was operative and the admonition urged is not properly applicable. In addition, the record shows that the trial court observed that the consecutive sentences would not be imposed.

■■ It is also urged that the plea is invalid in that the court failed to advise defendant that, upon the facts, sentence could not be imposed upon the respective thefts charged. The decisional rule of *People v.*

*Schlenger,* 13 Ill.2d 63, 147 N.E.2d 316 and *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24, guides and limits the court in imposing sentence. Such, however, is not incorporated within, or a part of, the text of Supreme Court Rule 402. The "bargaining tool" argument upon which defendant relies is no longer viable, as we have noted, and since there is no claim of a plea bargain, the argument is not appropriate.

Burglary is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1(b).) In the course of admonishing defendant as to the nature of an indeterminate sentence, the court stated several illustrations. He also referred indirectly to section 5—8—1(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)), which provides that as to a Class 2 felony, the minimum sentence was not to be greater than one-third of the maximum. The phraseology was that the "maximum cannot be greater than three times the minimum." Again, as one of the several illustrations of indeterminate sentence, it was stated that defendant might be sentenced to a maximum of 20 years and a minimum of 6 years and 4 months.

Since a correct computation is that the minimum would be 6 years and 8 months, it is urged that the inaccuracies in phraseology make the plea invalid. The statutory provision that the "minimum shall be set according to the following limitations" is a direction to the court in imposing sentence. Supreme Court Rule 402 does not expressly require that the court admonish concerning the provisions of the statute so limiting the minimum term. Such limiting provision becomes relevant only at the time of the hearing upon sentence which follows the taking of the plea. In *People v. Butchek,* 22 Ill.App.3d 391, 317 N.E.2d 148, it was determined that admonition under Supreme Court Rule 402 as to the minimum sentence means the statutory minimum set out in the statute defining the offense.

The admonition of the trial court was detailed and complete. As stated in *People v. Doyle,* 20 Ill.2d 163, 166-67, 169 N.E.2d 250:

> "[T]he remarks and advice of the trial court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule."

The record shows "substantial compliance" within the terms of *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559. In *People v. Dudley,* 58 Ill.2d 57, 316 N.E.2d 773, the court found that there had been no compliance with Supreme Court Rule 402(b), which directs that the record shall set out the terms of a plea agreement. The *Dudley* opinion reiterates the position stated in *People v. Morehead,* 45 Ill.2d 326, 332, 259 N.E.2d 8:

"It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied  *  *  *."

Here, as in *Dudley,* there is no claim that the plea was not voluntary, or that there was actual harm or prejudice.

The record shows that the court directed that no *mittimus* be issued upon the conviction for theft and it is thus unnecessary to remand.

The conviction for burglary is affirmed, but the convictions for theft are reversed.

Affirmed in part, reversed in part.

SMITH, P. J., and SIMKINS, J., concur.