THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN SCOTT CARROLL, Defendant-Appellant.

(Nos. 73-378, 73-409 cons.; )

Fifth District—December 3, 1974.

Robert Farrell, of Mt. Vernon, and Lynn Sara Frackman, of Chicago, both of State Appellate Defender's Office, for appellant.

Robert J. Neely, State's Attorney, of Metropolis (Guy Lahr, III, Assistant State's Attorney, of counsel, and Darrell L. Conley, legal researcher), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Steven Scott Carroll, was indicted by the Massac County grand jury on March 8, 1973, charging him with criminal trespass to a motor vehicle and escape. At the arraignment on May 8, 1973, a third count charging defendant with unlawful use of weapons was added by information. Pursuant to plea negotiations the charge of escape was dropped and the defendant plead guilty to the other two charges. On June 15, 1973, after a sentencing hearing, the defendant was sentenced to 1 year less 1 day on each charge with the sentence to be served concurrently.

The same defendant, Steven Scott Carroll, on June 6, 1973, was indicted by the grand jury of Massac County charging him with two counts of escape and with one count of aiding an escape. On September 11, 1973, pursuant to plea negotiations the defendant plead guilty to one charge of escape, the other charges were dismissed. He was sentenced to a term of from 1 to 3 years. The defendant has appealed the convictions in each case from the Circuit Court of Massac County and the cases have been consolidated for opinion.

The primary thrust of the appeal in each case is that the trial court

failed to warn the defendant of the possibility of consecutive sentences before accepting the pleas of guilty in violation of Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. (1973), ch. 110A, par. 402(a)(2)). The record does not reveal that the defendant was admonished as to the possibility of consecutive sentences.

We note that each case involved negotiated pleas. We have previously considered this problem in *People v. Back*, 18 Ill.App.3d 746, 310 N.E.2d 421. There we held that the failure to inform the guilty pleading defendant of the possibility of consecutive sentences, standing alone did not constitute reversible error where the defendant entered a negotiated plea. The defendant knew at the time he entered his guilty plea what the sentence would be and that it would not involve consecutive sentences. We adhere to our decision in *People v. Back, supra,* and find that the failure to admonish the defendant of the possibility of consecutive sentences in the two cases before us does not constitute reversible error.

The judgment of the Circuit Court of Massac County in each case is therefore affirmed.

G. MORAN, P. J., and CARTER, J., concur.