THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILL D. PATE, Defendant-Appellant.

(No. 74-27;

Second District (2nd Division)—July 3, 1975.

Ralph Ruebner and Phyllis J. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Bill D. Pate, was indicted by the Lee County grand jury on two counts each of armed robbery, armed violence, aggravated assault, unlawful restraint, and delivering less than 30 grams of heroin to another person. On motion of the State's Attorney the armed robbery and armed violence charges were dismissed. Defendant pleaded guilty to the remaining charges and was sentenced to 1-5 years for each count of aggravated assault, 1-2 years for each count of unlawful restraint, and 2-9 years for each count of unlawfully delivering heroin, the sentences to run concurrently. Defendant filed a petition under the Post-Conviction Hearing Act. The petition was denied and defendant appeals therefrom. Defendant argues on appeal that he was deprived of due process of law in entering his plea of guilty without substantial compliance with Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), that he was placed in double jeopardy by being convicted and sentenced for both aggravated assault and unlawful restraint, and that he received ineffective assistance of counsel in that the record does not reflect the compliance of his ap-

pointed counsel with Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)).

■■ We note at the outset, as the State admits in its brief, that it was error to convict and sentence defendant for both unlawful restraint and aggravated assault, as both offenses arose out of the same act. (*People v. Lilly*, 56 Ill.2d 493.) In this case, the conviction and sentence for the lesser offense is to be reversed. Unlawful restraint is a Class 4 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 10—3.) Aggravated assault is a Class A misdemeanor. (Ill. Rev. Stat. 1973, ch. 38, par. 12—2.) As aggravated assault is the lesser offense, the convictions and sentences here for aggravated assault are reversed.

■■ In addition, we note that Rule 651(c) has been complied with. That rule requires, among other things, that the record on appeal must show that the attorney appointed to represent an indigent defendant has examined the record of the proceedings at trial. During the pendency of an appeal a certificate of compliance with Rule 651(c) may be filed, which filing rebuts the claim of a defendant, as here, that he was denied effective assistance of counsel. (*People v. Harris*, 50 Ill.2d 31.) In the instant case, the People have tendered a supplemental record containing a statement by the attorney appointed to represent defendant which makes clear that he read the report of proceedings. Rule 651(c) has been complied with.

The remaining issues on appeal are:

    I. Was defendant deprived of due process of law in that he was not properly admonished as to the nature of the charge against him in substantial compliance with Rule 402?

    II. Was defendant deprived of due process of law in that he was not properly admonished as to the possibility of consecutive sentences in substantial compliance with Rule 402?

    III. Was defendant deprived of due process of law in that he was not admonished concerning his right to plead not guilty or persist in such a plea in substantial compliance with Rule 402?

    IV. Was defendant deprived of due process of law in that he did not waive his right to trial by jury and confrontation of witnesses in substantial compliance with Rule 402?

    V. Was defendant deprived of due process of law in that the trial court failed to ascertain the voluntary nature of his guilty pleas in substantial compliance with Rule 402?

    VI. Was defendant deprived of due process of law in that the trial court failed to ascertain the existence of a factual basis for the guilty pleas in substantial compliance with Rule 402?

■■ Since this is an appeal from a denial of a post-conviction petition

we can consider only errors of a constitutional magnitude, as the Post-Conviction Hearing Act was simply designed to afford a defendant an opportunity to attack any constitutional errors in the proceeding in which he was convicted. (*People v. Pier*, 51 Ill.2d 96.) A violation of a statute or rule of procedure which does not constitute a constitutional right is not to be considered. (*People v. Masterson*, 45 Ill.2d 499; *People v. Holvey*, 17 Ill.App.3d 809.) Also, a conviction will not be reversed for erroneous admonishments under Rule 402 if the petitioner does not allege that his guilty plea was not voluntarily entered into and if he does not show in what way he has been harmed. (*People v. Gulley*, 27 Ill.App.3d 560, 327 N.E.2d 68 (2d Dist.).) *Boykin v. Alabama*, 395 U..S 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, indicated that the constitutional rights involved in a guilty plea are the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin* also said the record must contain an affirmative showing that the guilty plea was voluntary and intelligent. A constitutional right may be waived, and a voluntary guilty plea waives all errors and irregularities that are not jurisdictional. (*People v. Brown*, 41 Ill.2d 503.)

Defendant argues that he did not waive his right to a jury trial, his right to confront the witnesses against him, and his right to plead not guilty. The record clearly indicates that defendant said that he understood his right to a jury, his right to present witnesses, the presumption of innocence, his right to confront witnesses against him, and his right to have the State prove the case against him. The only reasonable interpretation one can make from the record is that defendant knew of his right to plead not guilty because he understood the presumption of innocence, his rights to a jury trial and to have the State prove the case against him. The record also indicates that defendant knew of the rights to confront witnesses and trial by jury. After fully informing defendant of his rights, the following colloquy occurred:

> "The Court: Now having this in mind at this time how do you want to plead on Counts 3 and 4 on the charge of Aggravated Assault and counts 7 and 8 of Unlawful Restraint?
> Defendant: Guilty."

Defendant clearly waived his rights to trial by jury, to confrontation of witnesses and to plead not guilty; thus there was no denial of due process as to those rights.

■■ The record in the instant case indicates that the trial judge mentioned the charges by name to defendant several times. Simply stating the charges by name is sufficient to apprise a defendant of the nature of the crime charged. (*People v. Wintersmith*, 9 Ill.App.3d 327; *People v. Trenter*, 3 Ill.App.3d 889; *People v. Carter*, 107 Ill.App.2d 474.) Defen-

dant here was represented by counsel. He makes no argument that he did not in fact understand the nature of the charges against him. Rule 402, which requires that the trial judge ascertain that the defendant understands the nature of the charge, requires only substantial compliance. (Ill. Rev. Stat. 1973, ch. 110A, par. 402; *People v. Krantz*, 58 Ill.2d 187.) Looking at Rule 402 in light of the dictates of *Boykin*, and considering that defendant had counsel and had the charges to which he was pleading mentioned to him several times, it is clear that defendant understood the nature of the charge against him. There was no violation of due process here.

■■ Defendant was not deprived of due process of law in that he was not advised of the possibility of consecutive sentences. He, in fact, received concurrent sentences.

> "First, concerning petitioner's contention that the court failed to advise him concerning the possible sentences he might receive if his plea of guilty * * * were accepted, we now agree that this allegation did not raise a substantial constitutional issue. As in the recent case of *People v. Krantz* (1974), 58 Ill.2d 187, 194, 317 N.E.2d 559, the petitioner here has made no claim that he was unaware of the possible punishment to which his conduct had exposed him or that he was otherwise prejudiced; any error would therefore be harmless." *People v. Ruiz*, 24 Ill.App.3d 449, 453-54.

Defendant argues a deprivation of due process in that the trial court did not specifically inquire into the voluntariness of his plea to unlawful delivery of heroin. The judge did ask if any threats had been made in the hearing on the unlawful-restraint plea. The plea to the heroin charge followed immediately. Indeed, defendant does not contend that his plea to the heroin charge was involuntary. The total record with its detailed admonitions as to defendant's rights indicates that the plea was voluntary. In such a case any error resulting from the failure to strictly comply with Rule 402 is harmless. (*People v. Ellis*, 59 Ill.2d 255.) Looking at *Boykin* and *Ellis* together, it is clear that there was no deprivation of due process here.

■■ Finally, defendant argues a deprivation of due process in that there was no specific enunciation of a factual basis for the plea. Rule 402(c) requires a determination of a factual basis. However, "*Boykin* does not touch on the necessity of the court to make an inquiry as to the factual basis for the defendant's plea of guilty." (*People v. Nardi*, 48 Ill.2d 111.) *Nardi* goes on to say that the requirements of Rule 402(c) are not constitutionally mandated. See also *People v. Barr*, 14 Ill.App.3d 742, *aff'd*, 58 Ill.2d 187; *People v. Holvey*, 17 Ill.App.3d 809.

*People v. Miller*, 19 Ill.App.3d 864, is to the contrary, but it does not

mention *Nardi, Barr* or *Holvey*. Thus, defendant's contention as to no factual basis for his plea is not cognizable on appeal from the denial of his post-conviction petition.

For the foregoing reasons, the judgment of the Circuit Court of Lee County is affirmed in part and reversed in part.

Judgment affirmed in part and reversed in part.

RECHENMACHER, P. J., and T. MORAN, J., concur.