THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, · v. RONALD RICHARD MASS, Defendant-Appellant.

(No. 74-45;

Second District (2nd Division)—September 15, 1975.

760

T. MORAN, J., dissenting.

Ralph Ruebner and Phyllis K. Perko, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1). The defendant was convicted of attempted murder on May 20, 1971, and sentenced to a term of not less than 10 nor more than 15 years in the penitentiary. In October, 1971, the defendant filed a petition for rehearing on aggravation and mitigation. This court treated the petition as one for post-conviction relief and remanded the case to the circuit court of Winnebago County for an evidentiary hearing under the Post-Conviction Hearing Act.

The defendant filed a petition for writ of habeas corpus and a petition for relief under the Post-Conviction Hearing Act in the trial court. After a hearing, both petitions were denied by the trial court.

In this appeal the defendant contends (1) that his conviction is illegal and void because the information charging him with "Attempt, in that [he], with intent to commit the offense of Murder" did not allege that the defendant took any substantial step toward the commission of the offense; (2) that the defendant did not effectively waive his right to be prosecuted by indictment; (3) that the guilty plea entered by the defendant was not knowingly and voluntarily entered because the defendant was not properly admonished at the guilty plea hearing under Supreme Court Rule 402(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(b)).

As to the first contention, it is the defendant's theory that since the statute defining the crime of Attempt requires that a substantial step be

taken toward the commission of the offense, the failure to state such substantial step was so taken is a fatal defect in the charge.

■■ We think the defendant has misunderstood the effect of the wording defining the elements of the offense of attempt. The statute (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)) reads:

> "A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

It is clear that under this wording if the defendant did not, in fact, take any substantial step toward the commission of the offense he could not be guilty of the offense of attempt, but this does not mean that an information charging him with attempt must be in those precise words. Where, as here, the information describes an act or behavior which in *itself* is a substantial step toward the commission of the offense, it is sufficient. The purpose of requiring the charge to be in specific language is so that the defendant can properly respond to the charge and to bar any subsequent prosecution for the same offense. (*People v. Patrick*, 38 Ill.2d 255; *People v. Hayes*, 52 Ill.2d 170.) We believe the language of the information in this case, that the defendant, "with intent to commit the offense of murder, attempted to kill and murder Louis Cotti," is sufficient to inform the defendant of the charge against him so he could prepare his defense and to prevent his being subjected to another prosecution for the same crime. The fundamental purpose of the information was therefore fulfilled.

As to the sufficiency of the charge itself, the language was clearly sufficient to charge an attempt—it is not required that it be sufficiently detailed to support the actual crime itself. In *People v. Williams*, 52 Ill.2d 455, involving the charge of attempted kidnapping, the indictment was challenged in that it did not state that the confinement of the child was without the parents' consent. The supreme court in answer to this contention said:

> "But the indictment was brought, not for kidnapping, but for the crime of attempt. As an indictment for conspiracy need not allege all the elements of the substantive offense which is the object of the conspiracy [Citation], in an indictment for attempt, the crime intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the crime." 52 Ill.2d 455, 460-61.

Likewise, in *People v. Lonzo*, 59 Ill.2d 115, 116, involving an attempted theft, the court said in answer to the contention that the indictment was defective in not alleging ownership of the property, "Obviously,

the elements of an inchoate offense cannot be charged with the particularity that is possible after the offense has been completed."

The case of *People v. Fowler*, 8 Ill.App.3d 927, 930, almost exactly parallels the facts of this case in that in an indictment for attempted murder the indictment merely recited that the defendant, "'with the intent to commit the offense of murder, intentionally and knowingly attempted to kill one Ronnie Fair, without lawful justification * * *.'" The court, in answer to the contention that the indictment was defective in not alleging the acts which constituted a substantial step toward the commission of the offense, said:

> "Although the indictment did not describe the particular method of the attempt it was unnecessary for the State to plead such evidentiary details. [Citations.] The essence of the crime of assault with intent to murder, or 'attempt * * * murder' as the indictment states, is the specific intent to take life [citation], and in a case of this kind the indictment need not set out the manner of the assault with any degree of particularity." 8 Ill.App.3d 927, 930.

We agree and hold that the information in the case before us was sufficient to sustain the conviction for attempted murder.

■■ The defendant also contends that he did not constitutionally waive his right to be indicted by the grand jury. The record discloses that at the waiver of indictment proceeding the defense attorney moved the court to waive prosecution by indictment on behalf of "all three defendants." Following is the colloquy which then took place between the judge, the defendant, and defense counsel:

"THE COURT: What is your motion today?

MR. BEYNON [Defense Counsel]: We are here this morning, your Honor, on a motion to waive prosecution by Indictment on behalf of all three of the defendants.

THE COURT: As I understand it, you want to waive the intervention of the grand jury. Now I will address my remarks to all three of you and explain to you what it means.

If you don't waive the grand jury then when the grand jury meets, the State's Attorney would present what evidence he has against you, and in the event that a majority of the grand jury were of the opinion that there was probable cause to hold you for trial, then they would return an Indictment against you and you would be arraigned and tried on the Indictment.

Where you waive the intervention of the grand jury, then the State's Attorney would file what is known as an Information against you which would charge that on the 6th day of March,

1971, in Count I, in the County of Winnebago and State of Illinois, Rodney Glen Abney, Ronald Richard Mass and Rudolph Louis Kessler committed the offense of burglary in that they without authority knowingly entered into the building of Joseph Provenzano and Louis F. Cotti, a partnership doing business as Anchor Tap as lessee located at 415—15th Avenue, Rockford, Illinois with intent to commit therein a theft or felony. That is Count I.

Count II states that on the 6th day of March, 1971, in the County of Winnebago and State of Illinois Rodney Glen Abney, Ronald Richard Mass and Rudolph Louis Kessler committed the offense of attempt in that they with intent to commit the offense of murder attempted to kill and murder Louis Cotti  *  *  *.

                      *    *    *

Count II and III are attempt, the Court might sentence you to the penitentiary for a period of years not less than one or more than twenty years. That is, the Court may sentence you not less than one or more than twenty, or any combination of years not less than the minimum of one year or more than the maximum which is twenty.

Now after the Information is filed or the Indictment is returned, then the procedure is the same whether it is by Indictment or by Information.

                      *    *    *

THE COURT: Ronald Richard Mass, do you wish to waive the intervention of the grand jury?

DEFENDANT MASS: Yes.

                      *    *    *

THE COURT: Let the record show the defendants and each of them have been advised of their rights and the nature of the charge against them, they persist in their waiver of the grand jury. Leave given to file the Information."

On the basis of the entire record before us the court had ample reason to make the determination that the defendant had voluntarily and understandingly waived his right to be prosecuted by indictment and consented to be prosecuted by information.

■■ The defendant's contention with regard to the court's admonishment under Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) deserves little consideration. This was with regard to the nature of the charge and we believe the nature of the charge was adequately covered by the recital of the facts of the crime in open court by the State's Attorney, to which the defendant and his attorney did not demur. In

*People v. Krantz*, 58 Ill.2d 187, where a similar contention was raised in a forgery case, the court said:

> "The recital by the assistant State's Attorney of the anticipated prosecutive evidence made clear what criminal conduct of Krantz the People expected to prove. Neither the defendant nor his attorney demurred to the prosecutor's statement. * * * '[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.'" 58 Ill.2d 187, 193.

The facts related by the State's Attorney in the case before us clearly set forth the nature of the charge and the remarks in *Krantz* above are perfectly appropriate to this case. The court had every reason to make the determination from these facts and the defendant's acquiescence in them, that the defendant clearly understood the nature of the charge. There was, therefore, substantial compliance with this aspect of the rule.

The defendant also raises a question as to the voluntariness of his plea. While the trial judge did not inquire whether the plea was voluntary, he not only read the information to the defendant but also had the State's Attorney recite the facts of the crime in open court and the defendant agreed these facts were correct. The defendant also signed a written plea of guilty and waiver of trial by jury. He was 26 years old and had two previous convictions. The defendant does not cite any facts casting doubt on the voluntariness of his plea—his contention in that regard apparently is on the basis that the trial court did not ask him whether his plea was voluntary. However, this is a post-conviction appeal and the lack of a certain form of words or procedure in establishing the voluntariness of the plea does not raise a constitutional question as to its voluntariness. Supreme Court Rule 402(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(b)) applying to voluntariness only requires that the trial court "determine" that the plea is voluntary and that no "force or threats or any promises apart from a plea agreement, were raised to obtain the plea." The trial court obviously did make that determination based on the whole record before him and there is no question of the voluntariness of the plea of guilty, when the whole record is examined. In any event, however, as indicated above, the burden is on the defendant in a post-conviction hearing to prove that his plea was not voluntary because of some constitutional deprivation. There was no such evidence here.

■■ A further point is raised by the defendant as to lack of admonishment on the possibility of consecutive sentences. It is true that the trial court did not mention the possibility of consecutive sentences other than

to inform the defendant of the possible sentence on his plea of guilty, but there is no indication of any possibility that this had any effect on his plea. The defendant pleaded guilty to only one count of the information and was convicted and sentenced on only one count. If a defendant decides to plead guilty in ignorance of the possibility of consecutive sentences the court's failure to mention such possibility has no prejudicial effect unless the defendant does receive consecutive sentences. If on the other hand he realizes the possibility of consecutive sentences and arranges a plea bargain as to one count in order to avoid such possibility he simply makes a bargain and there is no prejudice by the court's failure to discuss it with him. Where the result is based on the defendant's own choice and no prejudice results, it would be absurd to reverse a conviction because a certain possibility was not mentioned which had no bearing on the result. This was a negotiated plea and while the defendant did not know the actual sentence which would be imposed he was pleading guilty to only one count of the information and he expected to receive—and did receive—only one sentence. *People v. Zatz*, 13 Ill.App.3d 322, cited by the defendant on this point has since been overruled in *People v. Wills*, 23 Ill.App.3d 25. The case before us is more nearly akin to *People v. Reed*, 3 Ill.App.3d 293, although in the *Reed* case the exact sentence had been discussed. We see no substantial difference, however, between our present case and *Reed* as to the question of consecutive sentences. The defendant in both cases, after discussions with the State's Attorney, pleaded guilty to only one count and received only one sentence—in neither case was there any prejudice to the defendant by the trial court's omission of an admonishment as to consecutive sentences. See *People v. Davenport*, 22 Ill.App.3d 849.

We find that the admonishments required by Supreme Court Rule 402 were substantially complied with.

The judgment of the trial court is affirmed.

Judgment affirmed.

DIXON, J., concurs.

Mr. JUSTICE THOMAS J. MORAN, dissenting:

The accused shall "be informed of the nature and cause of the accusation (U.S. Const., amend. VI) or, otherwise stated, the accused shall have the right to "demand the nature and cause of the accusation" (Ill. Const., art. I, § 8). These constitutional mandates have been supplemented by statute. (See Ill. Rev. Stat. 1969, ch. 38, § 111—3(a)(3).) Consequently, an indictment must allege the necessary elements of the offense charged. It is by this standard that the validity of an indictment is

tested. When the standard is met, the natural result will be to enable the defendant to prepare his defense and to avoid double jeopardy.[1] By omitting any necessary element, the indictment fails to charge the accused with the criminal offense (*People v. Edge*, 406 Ill. 490, 494 (1950)) is void (*People v. Wallace*, 57 Ill.2d 285, 288 (1974)) and thereby bars a plea of double jeopardy (*People v. Somerville*, 88 Ill.App.2d 212, 215-18, *appeal denied*, 37 Ill.2d 627 (1968)). Also see *Illinois v. Somerville*, 410 U.S. 458, 35 L.Ed.2d 425, 93 S.Ct. 1066 (1973).

From 1845 to 1962, it was unnecessary, for the crime here charged, to plead any act constituting a substantial step toward commission of the intended offense. During that time, the instant crime would have been categorized under the general classification of "assault" which was defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (See Ill. Rev. Stat. 1959, ch. 38, § 55.) It is to be noted that assault was synonymous with attempt. The earlier statute provided that "Whoever attempts to commit murder by poisoning, drowning, strangling or suffocating another, or by any means, shall be guilty of * * * assault with intent to murder * * *." Ill. Rev. Stat. 1959, ch. 38, § 59.

The change occurred in 1961 when the legislature enacted a general attempt section designed to govern attempts to commit all offenses previously covered by specific provisions relating to individual offenses. (Ill. Ann. Stat. ch. 38, § 8—4, at 513 (1972).) One of the first cases to interpret the section was *People v. Richardson*, 32 Ill.2d 497, 502 (1965). There the sufficiency of proof, not the indictment, was at issue; however, the court set forth the necessary elements by stating:

> "All that need be shown in a charge of attempt is the intent to commit a specific offense (here, theft from the person) and an overt act constituting a substantial step toward commission of that offense (here, the insertion of defendant's hands into John Overbea's pockets). These elements have been established."

Research of subsequent supreme court cases wherein the validity of the charge of attempt has been challenged and the verbiage of the indictment has been expressed, reveals that in each instance the indictments contained facts describing the act which constituted a substantial step

---

[1] To test the validity of a criminal charge, some courts, without regard to the indictment's inclusion of the necessary elements of the crime, have, from a reading of the indictment, concluded that the accused could properly prepare his defense and avoid further prosecution for the same offense. I submit that this "test" is without guidelines and is therefore no test at all; that such procedure allows various interpretations to be drawn dependent upon the views or visceral reaction of the individual reader.

toward the commission of the intended offense. See *People v. Woodward,* 55 Ill.2d 134, 135 (1973); *People v. Lonzo,* 59 Ill.2d 115, 116 (1974).

The majority relies on the cited cases of *People v. Williams* and *People v. Lonzo.* At issue in *Williams* was whether, in addition to the necessary elements of attempt, the indictment must also include the required elements of the intended offense. The court, answering the question in the negative, relied in part upon *State v. Doran,* 99 Me. 329, 332, 59 A. 440, 442 (1904), by quoting a portion of that decision. In *Doran,* the Supreme Judicial Court of Maine preceded the *Williams* quote with the statement:

> "According to the great weight of authority, however, as well as upon sound reason, the ulterior felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of such felony." 99 Me. 329, 333, 59 A. 440, 442.

The indictment in *Doran* read:

> "[T]he defendant, 'with force and arms the car numbered 18656 of the Boston & Maine Railroad   *   *   *   feloniously, wilfully and maliciously did attempt to break and enter for the purpose of committing a felony.'" (99 Me. 329, 330, 59 A. 440, 440.)

It is noteworthy to mention that in the *Doran* case, the court found the indictment insufficient, stating:

> "The indictment contains neither a description of the overt act done by the accused in attempting to commit the crime charged, nor a specification of the particular felony which the defendant is charged with attempting to commit, after breaking and entering the car.   *   *   *   'An indictment for an attempt to commit burglary must not only allege the attempt and intent but it is essential that it also allege the overt acts relied upon as constituting the attempt.'" 99 Me. 329, 331-32, 59 A. 440, 441.

In *Lonzo,* an attempt theft case, the appellate court reversed the judgment on the grounds that the complaint was insufficient for not alleging ownership of the property involved. The supreme court, in reversing, found ownership to be an element of the completed offense not necessary to the charge of attempt theft, and reiterated the rule set forth in *Williams.* More pertinent, however, is the fact that the complaint in *Lonzo* described the overt act.

In the case *sub judice,* the issue does not concern the pleading of the elements of the intended offense, but whether the elements of the crime of attempt are sufficiently set forth in the indictment. The indictment charges "that on the sixth day of March, 1971,   *   *   *   Ronald Richard Mass,   *   *   *   committed the offense of Attempt, in that [he], with

intent to commit the offense of Murder, attempted to kill and murder Louis Cotti." The specific intent pleaded is murder but the "act which constitutes a substantial step toward the commission of that offense" is lacking, unless it can be said that the act is "attempted to kill and murder Louis Cotti." As defendant argues, however, attempt is the offense itself and cannot also be the act which constitutes a substantial step. In short, defendant is charged with attempt murder, in that he, with intent to murder, attempted to murder.

The majority also finds support in *People v. Fowler*, 8 Ill.App.3d 927 (1972), which relied upon *People v. Drink*, 85 Ill.App.2d 202 (1967), and the authorities cited therein. Authorities cited in both these cases do not speak to the issue before us for at the time of those decisions it was unnecessary, under the statute, to plead an act which constitutes a substantial step toward the commission of the intended offense. The " '* * * overt act is the essence of the offense.' " (Ill. Ann. Stat. ch. 38, § 8—4, at 512 (1972).) Therefore, I am of the opinion, contrary to *Fowler* and *Drink*, that by not stating the act, the indictment herein, failed to charge an offense and was void.

I would reverse.

