THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODNEY GLEN ABNEY, Defendant-Appellant.

(No. 73-390;

Second District (2nd Division)—September 15, 1975.

T. MORAN, J., dissenting.

Ralph Ruebner and Mary McCormick, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Rodney Glen Abney, waived his right to an indictment and plead guilty in the Circuit Court of Winnebago County to attempted murder, charged in an information. He was sentenced to 10 to 15 years in prison. Subsequently he filed a post-conviction petition, which petition was dismissed. Defendant argues on appeal that he was denied effective assistance of counsel during the post-conviction proceedings because his lawyer did not allege that the information under which defendant was charged failed to state an offense, that he did not effectively waive his right to be prosecuted by indictment, and that he was deprived of due process of law by the court's failure to substantially comply with Rule 402. Ill. Rev. Stat. 1973, ch. 110A, par. 402.

The question of ineffective assistance of counsel hinges here on whether the information did in fact fail to state an offense. The failure of an information to state an offense is error of constitutional magnitude (*People v. Heard*, 47 Ill.2d 501), hence cognizable in post-conviction proceedings. The information in the instant case charged defendant with attempt murder as follows, in relevant part:

> "* * * committed the offense of Attempt, in that they, with intent to commit the offense of Murder, attempted to kill and murder Louis Cotti, in violation of Paragraph 8—4, Chapter 38, Illinois Revised Statutes."

Attempt is defined in section 8—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 8—4):

> "A person commits an attempt when, with intent to commit a

specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

The basis of defendant's argument is that the information failed to allege some specific act which constituted a substantial step toward the commission of murder. This exact question was raised in *People v. Mass*, 31 Ill.App.3d 759, by a codefendant of defendant named in the same information, thus our opinion in that case is controlling and dispositive of the issue. The information here involved was valid.

■■ Defendant next argues that he did not effectively waive his right to be prosecuted by indictment. This exact question also was raised in *Mass* by a codefendant. The waiver hearing for codefendant and defendant involved the trial judge directing his remarks to both of them. Again, our decision in Mass is dispositive of this issue. There was a valid waiver of indictment.

Finally, defendant argues four specific instances of failure to substantially comply with Rule 402. The allegations as to not being informed of the nature of the charge and as to a lack of determination of voluntariness of the plea were raised by a codefendant in *Mass*. Both defendants were present and advised at the same guilty plea hearing. *Mass* is dispositive of these issues. These allegations are without merit.

■■ Defendant's remaining allegations of deprivation of due process involve alleged insubstantial compliance with Rule 402 in that the court did not inform him of his right to plead not guilty or persist in his guilty plea and that he was waiving his right to a trial by jury and his right to confront the witnesses against him. *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, indicates that there must be an affirmative showing that a guilty plea was intelligent and voluntary in order that a defendant be accorded due process of law. As the instant matter is before us as a post-conviction proceeding we need only consider whether there is an affirmative showing of an intelligent and voluntary guilty plea, such that defendant was not denied his constitutional right to due process of law. Defendant was admonished as follows:

> "The Court: Before I accept your plea of guilty, it is the Court's duty to advise you that you have a right to trial by a jury of twelve people selected from the county, the right to have all of the witnesses who testify against you appear in your presence and testify, the right to put on whatever defense you might have, and finally the right to have a jury pass upon your guilt or innocence.
>
> When you plead guilty you waive your right to trial by jury and the matter is then left up to the Judge alone."

After the State's Attorney stated a factual basis for the instant offense,

the guilty plea was accepted. Defendant does not claim that his plea was involuntary. From the above admonition, it is clear that the dictates of *Boykin* were complied with. See also *People v. Mendoza*, 48 Ill.2d 371, *People v. Krouse*, 7 Ill.App.3d 754.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., concurs.

Mr. JUSTICE THOMAS J. MORAN, dissenting:

For the reasons stated in my dissent in *People v. Mass*, 31 Ill.App.3d 759 (1975), I would reverse the judgment appealed.