THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM J. WAUD, Defendant-Appellant.

Fifth District   No. 76-87

Opinion filed October 26, 1976.

G. J. MORAN, J., dissenting.

Charles H. Delano and Barry Chafetz, both of Delano Law Offices, P. C., of Springfield, for appellant.

John H. Ward, State's Attorney, of Taylorville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:
Defendant-appellant William J. Waud was convicted of six counts of forgery upon his plea of guilty in Christian County and was sentenced to concurrent terms of from one to ten years on each count. On appeal defendant contends that the court failed to comply substantially with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) and that the court abused its discretion in denying probation and imposing penitentiary sentences upon defendant.

■■ The State has asked us to dismiss this appeal for failure to file the record within the time prescribed by Supreme Court Rule 608. (Ill. Rev. Stat. 1975, ch. 110A, par. 608.) Although we do not approve of the lengthy delay in the preparation of the record in the instant case, we have concluded that the delay was not attributable to defendant or counsel. The motion is denied.

While a school teacher and assistant principal, defendant worked part-time as a general contractor. While engaged in the construction of two

private homes in the area, defendant forged certain lien waivers by signing the names of materialmen and subcontractors. In one instance defendant raised the amount of a lien waiver; in another, he signed a waiver of a lien already in fact paid.

Defendant first contends that the court failed to advise him of the possibility that consecutive sentences might have been imposed on the six separate charges as required by Rule 402(a)(2). We disagree. At the beginning of the plea proceedings defense counsel asked the court to dispense with the admonition of the penalties for each offense because each count carried the same possible penalty. The court admonished defendant of the penalty for forgery but made no mention of consecutive sentences. The court later stated that it was not advising defendant of the possibility of consecutive sentences because "I don't anticipate that there would be more than one sentence applied." The court offered defendant the opportunity to withdraw the plea on several occasions, once after the statement quoted above.

■■ We note at the outset that Rule 402 requires substantial, not literal compliance. (*People v. Krantz*, 58 Ill. 2d 187, 317 N.E.2d 559 (1974).) None of the cases cited by the parties are particularly helpful in our resolution of the issues. The cases cited by the State either deal with negotiated guilty pleas where defendant had bargained with the State and knew the sentence he would receive (*People v. Pate*, 30 Ill. App. 3d 9, 331 N.E.2d 853 (2d Dist. 1975); *People v. Back*, 18 Ill. App. 3d 746, 310 N.E.2d 420 (5th Dist. 1974)) or involved pleas taken prior to the effective date of Rule 402. (*People v. Carpenter*, 2 Ill. App. 3d 372, 276 N.E.2d 457 (1st Dist. 1971).) In neither of the cases cited by defendant did we reverse on this issue. (*People v. Carroll*, 24 Ill. App. 3d 511, 320 N.E.2d 358 (5th Dist. 1974); *People v. Dye*, 23 Ill. App. 3d 431, 319 N.E.2d 541 (4th Dist. 1974).) In *People v. Zatz*, 13 Ill. App. 3d 322, 300 N.E.2d 16 (4th Dist. 1973), cited by defendant in his reply brief, the court held that failure to advise defendant of possible consecutive sentences was reversible error in a nonnegotiated plea. The same court, however, expressly overruled *Zatz* and held no error where no consecutive sentence was imposed. (*People v. Wills*, 23 Ill. App. 3d 25, 319 N.E.2d 269 (4th Dist. 1974), *aff'd in part*, 61 Ill. 2d 105, 330 N.E.2d 505 (1975).) *Wills* has since been followed in *People v. Cherry*, 29 Ill. App. 3d 929, 332 N.E.2d 55 (4th Dist. 1975), and *People v. Mass*, 31 Ill. App. 3d 759, 334 N.E.2d 452 (2d Dist. 1975). We find no error in the failure to advise defendant specifically of the possibility of consecutive sentences since concurrent sentences were imposed, especially in light of the court's statement that consecutive sentences were not anticipated.

■■ Defendant next contends that the court failed to determine that a factual basis existed for the pleas of guilty as required by Rule 402(c). The

court read or paraphrased each indictment and asked first whether defendant understood the nature of the charge and then whether he admitted his guilt of each charge. All questions were answered in the affirmative. In addition the operative facts of the offenses were brought out in detail at the sentencing hearing. We believe the record reflects sufficient compliance with Rule 402(c). *People v. Hudson*, 7 Ill. App. 3d 800, 288 N.E.2d 533 (5th Dist. 1972); *People v. Holt*, 25 Ill. App. 3d 871, 323 N.E.2d 451 (3d Dist. 1975).

Defendant finally contends that the court abused its discretion in refusing to grant probation. At the sentencing hearing 15 witnesses testified to defendant's good character and reputation in the community and recommended that defendant be granted probation. In addition, 30 other members of defendant's community and surrounding area appeared and read their names into the record in support of the motion for probation. The State's Attorney made no recommendation but was obviously sympathetic to the defendant. The presentence report indicates that defendant, in the 14 years prior to these proceedings, had been a school teacher, assistant principal and unit principal, a part-time general contractor, a good husband and father and a leader of his church. After dismissal from his job because of the instant charges he became a general foreman for a steel company and held that position at the time of sentencing. Prior to the instant offenses defendant had one speeding ticket on his criminal record, although several civil suits appeared in the court records, apparently arising from his contracting business. One other forgery charge, apparently similar to those of which defendant was convicted, was outstanding. Defendant had been declared bankrupt at the time of sentencing but had made efforts toward partial restitution from his teacher's retirement pension.

■■ In imposing sentence the court noted defendant's prominence in the community and his exemplary prior record. But the court noted that in light of the seriousness and number of the offenses and defendant's prominence in the community and past and present "impact" upon the youth of the ·community, imprisonment was necessary so as not to deprecate the seriousness of the offense and tempt others, particularly the youth of the community, toward criminal conduct and disrespect for law and the institutions of government.

In *People v. Bolyard*, 61 Ill. 2d 583, 338 N.E.2d 168 (1975), our supreme court stated that Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615) does not authorize reviewing courts to reduce a penitentiary sentence to probation. The court noted further that "[t]he scope of review from a denial of an application for probation is limited to the extent of determining whether the trial court did, in fact, exercise its discretion or whether it abused that discretion by acting in an arbitrary

manner. [Citation.]" (61 Ill. 2d 583, 586, 338 N.E.2d 168, 169-170.) In *Bolyard*, defendant had been convicted of indecent liberties with a child. The court held that the trial judge had acted arbitrarily in characterizing the crime as the most "sinful, reprehensible act of all the offenses" and injecting his personal bias into his consideration of probation. Defendant in the instant case seeks to draw an analogy, contending that the trial court considered only the type of defendant, just as the trial court in *Bolyard* considered only the type of crime. Thus, defendant argues that this case is similar to *People v. McAndrew*, 96 Ill. App. 2d 441, 239 N.E.2d 314 (2d Dist. 1968), where the court found an abuse of discretion in the denial of probation in the trial court's statements of his beliefs about "hippies."

■■ We do not believe that the trial court's remarks in the instant case can be so characterized. The court's concern about deprecating the seriousness of the offense was based on a statutory guideline which it was required to consider. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1(3); see *People v. Meyer*, 30 Ill. App. 3d 673, 332 N.E.2d 606 (3d Dist. 1975).) The remarks were neither venal nor unduly harsh. While we regret the imposition of a penitentiary sentence upon this defendant and note that if we sat as the sentencing court we would have granted probation, we cannot say from the record before us that the trial court refused to exercise its discretion or acted arbitrarily. Thus we are bound by *People v. Bolyard*. These principles have recently been reaffirmed in *People v. Butler*, 64 Ill. 2d 485, 356 N.E.2d 330 (1976); *People v. Rege*, 64 Ill. 2d 473, 356 N.E.2d 537 (1976).

■■ The trial court imposed a maximum sentence of ten years. What we have said above is not determinative of the propriety of the maximum sentence imposed on defendant. Considering defendant's rehabilitative potential as evidence by his background, we believe the maximum sentence imposed was clearly excessive and a departure from the mandate of the Criminal Code. We have recently discussed the effect of the maximum sentence imposed in an indeterminate sentence and the factors that should be considered in fixing the maximum term of imprisonment in *People v. Perruquet*, 41 Ill. App. 3d 543, 355 N.E.2d 112 (5th Dist. 1976), and we need not repeat these matters here. Pursuant to Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615) we reduce the maximum sentence imposed to a term of three years.

The judgment of the Circuit Court of Christian County is affirmed as to the denial of probation and the imposition of a minimum term of imprisonment of one year. The maximum term of imprisonment is modified and reduced from a term of ten years to a term of three years.

Affirmed as modified.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

In *People v. Hamby*, 6 Ill. 2d 559, 563, the supreme court held that no error occurred in the denial of probation where the trial judge denied probation because of his personal belief that sellers of narcotics "are certainly never entitled to probation." In *People v. Bolyard*, 61 Ill. 2d 583, the supreme court rescinded its holding in *Hamby*, saying:

> "We do not believe, however, that the basis for the trial judge's summary denial of probation as detailed in *Hamby* is consistent with present concepts of sentencing procedures and alternative sentences under the Unified Code of Corrections." 61 Ill. 2d 583, 587.

In *Bolyard* the defendant was convicted of indecent liberties and the trial judge in denying probation expressed his personal opinion that the perpetrator of such a crime should never receive probation. The supreme court in *Bolyard* held that the trial judge acted arbitrarily in denying probation for this reason.

In the present case the trial court was concerned only with its personal belief that those among us who have lived exemplary lives and who have acquired an education should never be entitled to probation. This is exemplified by the following statement of the trial judge.

> "The second factor is the very prominence of this man. His closeness to the youth of the community and the fact that he was a teacher and principal. Probation for such a man would be bound to have quite an impact on the young people that knew him. The future temptations that might be afforded to youth that knew of this instance, if probation were granted, would be, might be too great. His position as a leader of the community. In view of your small size, I suppose he might be considered somewhat of a victim of the times. But we can't have a system of law whereby only the friendless go to jail. Or the followers or the uneducated or the poor. But as I say, Mr. Waud is an educated man. This is an educated crime. I believe if we had a man in the community that embezzled money from a bank six different times the people would have the idea that if such a man got probation that almost anybody could get probation."

For the foregoing reasons, I would remand this case to the trial court for a new sentencing hearing.