WELDON *v.* THE STATE.

EVANS, J.   The evidence, though wholly circumstantial, was ample to support the conviction in the county court; and it was not erroneous for the judge of the superior court to overrule the petition for certiorari, complaining that the evidence was insufficient to establish the defendant's guilt of the larceny charged in the accusation.

*Judgment affirmed.   All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Accusation of. simple larceny.   Before Judge Littlejohn.   Crisp superior court.   September 26, 1906.

*Walter F. Hall,* for plaintiff in error.

*Frank A. Hooper, solicitor-general,* contra.

---

WADKINS *v.* THE STATE.

LUMPKIN, J.   1. Under the act establishing the city court of Jefferson (Acts 1903, p. 138, 146) it is provided "That all criminal cases in said city court shall be tried by the judge thereof without a jury, except when the accused, in writing, shall demand a jury.   A plea to the accusation shall be a waiver of. the jury, and the accused may not thereafter have the right to recall such waiver except in the discretion of the court." Where a defendant charged with a misdemeanor in that court did not demand a jury, but waived arraignment, pleaded not guilty, and insisted that he should be tried by the judge, it was error to overrule such contention and compel him to be tried by a jury.

2. Each of the city-court acts construed in *Central Railroad* v. *Gleason,* 69 *Ga.* 200, and *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121, conferred power and authority on the presiding judge to try cases without a jury, but was not mandatory like the act now involved.

3. Under the preceding notes, the trial of the defendant before a jury being without warrant of law, the charges and rulings on such trial need not be dealt with in detail.

*Judgment reversed.   All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Accusation of cheating, etc.   Before Judge Stark.   City court of Jefferson.   October 6, 1906.

*James B. & Noel P. Park,* for plaintiff in error.