(No. 27030.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL SCOTT, Plaintiff in Error.

*Opinion filed March 16, 1943—Rehearing denied May 17, 1943.*

CHARLES L. RICE, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and ROBERT H. CHASE, State's Attorney, for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Paul Scott, plaintiff in error, was indicted by the grand jury of Massac county for the crime of assault with intent to kill. He was tried before a jury and convicted and sentenced to confinement in the penitentiary.

Plaintiff in error contends the indictment was insufficient. When arraigned he pleaded not guilty, but later made a motion to withdraw his plea and enter a motion to quash the indictment, which motion was denied by the court. He also waived a trial by jury and demanded a trial by the court, and assigns as error the refusal of the judge to try the case without a jury. It is also contended the evidence does not show the guilt of plaintiff in error beyond a reasonable doubt.

Plaintiff in error was a schoolteacher, and had purchased an automobile from one Easterday upon a conditional-sales contract, and the latter claimed there was also a chattel mortgage given to secure a repair bill. February 23, 1942, Easterday went to the school where plaintiff in error was teaching, for the purpose of repossessing the automobile, and was told where it was located. He returned later to procure the title papers, and was informed by plaintiff in error he did not have the title papers. This conversation took place at the outer door of the vestibule or anteroom of the main portion of the schoolhouse. A

quarrel resulted and plaintiff in error drew a revolver and shot Easterday in the neck. The complaining witness and a person who accompanied him testified the shooting was without provocation. Plaintiff in error and one of his witnesses testified Easterday was reaching towards his pocket and that he shot in self-defense. The testimony also shows plaintiff in error bore a good reputation as a peaceable and law-abiding citizen. The evidence is very conflicting, but the testimony of the State, if believed by the jury, was sufficient to warrant the conviction of the defendant.

It is claimed by plaintiff in error the indictment was wholly insufficient to sustain a conviction. It contained three counts. The first count charged the defendant with assault with a drawn pistol with the felonious intent to kill and murder Easterday. The second count charges substantially the same thing, except that the pistol was loaded with powder and shot. The third count charges that an unlawful and felonious assault was made upon Easterday with intent to feloniously kill and murder him. The objection of plaintiff in error is that each count failed to charge the manner of making the assault upon the complaining witness.

We have held the gist of the offense of an assault with intent to kill is an assault with a felonious intent, and hence it is not necessary to set out with any degree of particularity the manner of the assault, this being a matter of evidence. (*Dunn* v. *People,* 158 Ill. 586.) An indictment in substantially the same form was sustained in *People* v. *Gilday,* 351 Ill. 11. It is intimated in the latter case that if the defendant desired more specific information as to the manner of the assault it could be obtained by a bill of particulars. The contention of plaintiff in error that the indictment is insufficient is without merit.

The refusal of the court to permit a withdrawal of the plea of not guilty and the entry of a motion to quash the indictment is a matter within the sound discretion of the trial court (*People* v. *Jones,* 263 Ill. 564;) and unless it is

shown there was an abuse of this discretion it is not reversible error to deny the motion. Since the indictment in the case was sufficient there is no foundation for this claim by plaintiff in error.

The principal contention urged by plaintiff in error is that the court refused his request to try the case before the court without a jury, and bases this contention upon the recent proviso of the act of the legislature, which, among other things, provides that where a defendant in a criminal case pleads guilty or waives a jury the cause shall be heard and determined by the court without a jury. Session Laws, 1941, p. 574.

In *People* v. *Scornavache,* 347 Ill. 403, the right to trial by jury in criminal cases was very carefully considered, and the provision of the constitution with respect to jury trials in criminal cases interpreted. Section 5 of article II is as follows: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by jury of less than twelve men may be authorized by law." In *People* v. *Scornavache,* 347 Ill. 403, we said: "The right to a jury trial is not the right to be tried without a jury. The waiver of the accused is, as the term indicates, a relinquishment of that right, and is, in effect, a declaration that he is willing that the court may try the issues of fact. From what has been said it must be apparent that in the absence of constitutional or statutory inhibition the court has the power, and upon objection by the People it is its duty, to submit the issues of fact in a criminal case to a jury, notwithstanding a waiver of jury trial by the accused."

It is the contention of plaintiff in error that because of the use of the word "statutory" in the quotation set out, the legislature could lawfully require a judge, upon the election of a defendant in a criminal case to waive a jury, to try the case before the court without a jury. In other words, it is contended the defendant in a criminal case not only

has a constitutional right to be tried before a jury, but also has the right to make an election to compel the judge, over the objections of the People or of the judge, to try him without a jury.

Section 1 of article VI of the constitution places all judicial powers in the State of Illinois in the Supreme Court and other courts therein enumerated. The trial of a criminal case is certainly the exercise of judicial power. If the recent proviso is considered as mandatory it requires the circuit judge, upon the election of a defendant in a criminal case, to exercise judicial power in a manner directed by the legislature, and not in a manner as might be determined by the court.

If the act is given the full effect claimed by plaintiff in error a judge would be handicapped or limited in the performance of his judicial duties. Cases may well arise where it would be improper for a judge to try the case himself, and yet be compelled to do so if the defendant in a criminal case would waive a jury and so require it. We have held a number of times that the judicial power is vested solely in the courts, and may not be limited by the legislature. (*People* v. *Bruner,* 343 Ill. 146; *People ex rel. Nauert* v. *Smith,* 327 Ill. 11; *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250; *Murphy* v. *Luecht & Co.* 379 Ill. 227; *People ex rel. Day* v. *Lewis,* 376 Ill. 509.) The amendment in question attempts to specify how the judicial power shall be exercised under the given circumstances, and conflicts with section 1 of article VI of the constitution.

We entertain no doubt that the judge was within the exercise of his judicial rights when he declined the request of plaintiff in error that the case be tried without a jury. It is manifest the plaintiff in error could not be injured by the action of the judge in declining to try the case without a jury, because it was at all times within his power to grant a new trial either for error in the proceeding, or for insufficiency of the evidence.

As to the contention that the evidence failed to show the plaintiff in error was guilty beyond a reasonable doubt, the evidence offered by the prosecution, if believed by the jury, amply sustained the conviction. The trial court and jury were best able to weigh the testimony offered in the case. This court will not disturb the verdict of the jury unless it is such as fails to show the defendant guilty beyond a reasonable doubt. We think the evidence in this case was sufficient to sustain the verdict.

The judgment of the circuit court of Massac county is affirmed.

*Judgment affirmed.*