(No. 33267.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY E. SPEGAL, Plaintiff in Error.

*Opinion filed March 24, 1955.*

C. E. Tate, of Champaign, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John J. Bresee, State's Attorney, of Champaign, (Fred G. Leach, and George W. Schwaner, Jr., of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

Harry E. Spegal was indicted in the circuit court of Champaign County for the murder of David Wayne Anderson, a six-year-old boy. He moved to waive a trial by jury. The State's Attorney stated that he did not have any objection to the waiver of a jury. The trial judge, nevertheless, denied the motion. After pleading not guilty, defendant renewed his motion to waive a jury. Again the State's Attorney made no objection and the motion was denied. When the case came on for trial the State's Attorney made his opening statement describing what the evidence would show, including an admission by the defendant that he had struck the boy, knocked him unconscious, and then committed sodomy, and that as the boy regained consciousness, defendant placed his arm or hand across the boy's throat to quiet him. The boy died of strangulation. At the conclusion of the prosecution's opening statement, defendant's attorney, who had been appointed by the court, requested a conference in chambers at which he announced that defendant had authorized him to make a judicial admission of the truth of the facts set forth by the State's

Attorney in his opening statement and to submit the case to the jury on that judicial admission. The request was granted, and defendant took the stand and made the admission. The State's Attorney then argued the case to the jury, the defense waived argument, the court instructed the jury, and the jury found defendant guilty as charged in the indictment and fixed his punishment at death. Motions for a new trial and in arrest of judgment were overruled. The writ of error has been made a *supersedeas,* and the record is now before us for review.

The procedure upon the trial of the case was most unusual. Many questions have been raised concerning it, and the argument has taken a wide range. Not all of the contentions which have been made need be discussed, however, for as we view the case decision turns upon a single issue. The record discloses that the defendant twice sought to waive a jury. The prosecution interposed no objection to either request. The motions were denied, and the trial proceeded before a jury. Defendant contends that the court erred in refusing to allow him to waive a jury trial and to be tried by the court without a jury. The People reply that *People* v. *Scott,* 383 Ill. 122, is decisive of defendant's contention.

In recent years, questions concerning the waiver of a trial by jury in a criminal case have engaged the attention of this court and of the General Assembly. In 1930, in *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250, this court held that a defendant charged with a criminal offense could waive a trial by jury. Sixteen months later, in *People* v. *Scornavache,* 347 Ill. 403, a sharply divided court held that where the prosecution objects to a defendant's waiver of a jury trial, the waiver is ineffective and there must be a jury trial. Mr. Justice DeYoung, who delivered the opinion of a unanimous court in the *Fisher case,* wrote a dissenting opinion in which Mr. Justice Dunn and Mr. Justice Duncan concurred. In 1941 the General Assembly

amended the Criminal Code by providing that when the defendant pleads guilty or waives a jury, the cause shall be heard and determined by the court without a jury. (Ill. Rev. Stat. 1953, chap. 38, par. 736.) In *People* v. *Scott,* 383 Ill. 122, the court stated that if this provision were deemed mandatory, it required the trial judge, upon the election of a defendant in a criminal case, to exercise judicial power in a manner directed by the legislature, and not in the manner that might be determined by the court. On this ground it was held that the 1941 amendment violated section 1 of article VI of the constitution, which vests the judicial power in the Supreme Court and other courts. The procedure followed in the present case, together with the contentions advanced in this court, requires a re-examination of the conclusions reached in *People* v. *Scornavache,* 347 Ill. 403, and *People* v. *Scott,* 383 Ill. 122.

The constitutional provisions which are involved are section 5 of article II: "The right of trial by jury as heretofore enjoyed, shall remain inviolate," and section 9 of article II: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

In the past, two principal arguments supported the view that a criminal case should be tried by a jury despite the defendant's waiver of his constitutional right of trial by jury. It was considered that the participation of a jury is essential to the jurisdiction of the court in the trial of a criminal case, and it was said that the interest of the public in the outcome of a criminal prosecution is such that the defendant should not be permitted to determine the method by which he is to be tried. Many of the cases dealing with

the problem are collected in annotations in 48 A.L.R. 762, and 70 A.L.R. 279, and there is an illuminating discussion in Oppenheim, Waiver of Trial by Jury in Criminal Cases, 25 Michigan L. Rev. 695.

In 1930, in *Patton* v. *United States,* 281 U.S. 276, the question of the right of the defendant in a criminal case to waive a jury came before the United States Supreme Court. The applicable provisions of the Federal constitution parallel those of our constitution. Concerning the contention that the presence of a jury is requisite to the jurisdiction of the court in a criminal case the court said: "The record of English and colonial jurisprudence antedating the Constitution will be searched in vain for evidence that trial by jury in criminal cases was regarded as a part of the structure of government, as distinguished from a right or privilege of the accused. On the contrary, it uniformly was regarded as a valuable privilege bestowed upon the person accused of crime for the purpose of safeguarding him against the oppressive power of the King and the arbitrary or partial judgment of the court. * * * In the light of the foregoing it is reasonable to conclude that the framers of the Constitution simply were intent upon preserving the right of trial by jury primarily for the protection of the accused. * * * This provision, [the sixth amendment] which deals with trial by jury clearly in terms of privilege, although occurring later than that in respect of jury trials contained in the original Constitution, is not to be regarded as modifying or altering the earlier provision; * * * we conclude that article III, Section 2, is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election. To deny his power to do so, is to convert a privilege into an imperative requirement."

In the *Patton case* the court also considered and rejected the contention that public interest, or public policy, required the submission of a criminal case to the jury re-

gardless of the defendant's waiver of trial by jury, saying, in part: "It is difficult to see why the fact, frequently suggested, that the accused may plead guilty and thus dispense with a trial altogether, does not effectively disclose the fallacy of the public policy contention; for if the state may interpose the claim of public interest between the accused and his desire to waive a jury trial, *a fortiori* it should be able to interpose a like claim between him and his determination to avoid any form of trial by admitting his guilt. If he be free to decide the question for himself in the latter case, notwithstanding the interest of society in the preservation of his life and liberty, why should he be denied the power to do so in the former? It is no answer to say that by pleading guilty there is nothing left for a jury to try, for that simply ignores the question, which is not what is the effect of the plea? the answer to which is fairly obvious, but, in view of the interest of the public in the life and liberty of the accused, can the plea be accepted and acted upon, or must the question of guilt be submitted to a jury at all events? Moreover, the suggestion is wholly beside the point, which is, that public policy is not so inconsistent as to permit the accused to dispense with *every* form of trial by a plea of guilty, and yet forbid him to dispense with a *particular* form of trial by consent."

Shortly after the decision in the *Patton case* the question of the right of a defendant in a criminal case to waive a trial by jury came before this court in *People* v. *Fisher*, 340 Ill. 250. After a careful analysis of the problem the court concluded that neither the argument based upon jurisdiction nor that based upon public interest or policy was sound, and held that the right of trial by jury, like other constitutional provisions for the protection of an accused person, may be waived.

Then came *People* v. *Scornavache*, 347 Ill. 403. There the defendant was indicted for murder. He sought to waive

a jury, but upon the objection of the State's Attorney his motion was denied and he was tried and found guilty by a jury. In this court the only question presented was whether the court erred in refusing to hear the cause without a jury. While the majority of the court recognized that "There is, of course, nothing in the constitution conferring the right of jury trial on the State, * * *" they nevertheless affirmed the judgment, pointing out (1) that trial by jury had for centuries been the established mode of trial in criminal cases; (2) that "The maintenance of a jury as a fact-finding body occupies that place in government, as we know it in America, which, in the absence of a statute so providing, requires that such trial be not set aside merely on the choice of the accused;" (3) that the long recognition by courts everywhere that the trial of a criminal case means a jury trial has clearly given to the People the right to object to a trial by the court upon waiver of a jury trial by the accused.

The dissenting opinion of Mr. Justice DeYoung, who wrote the opinion of the court in the *Fisher case,* pointed out that the majority did not attempt to sustain its conclusion upon constitutional grounds, saying: "Indeed, it is conceded in the opinion that a jury trial is not an integral and inseparable part of the court, but rather an instrumentality, which may or may not be employed; that the constitution does not confer upon the State the right to a trial by jury in a criminal case; that the right to such a trial guaranteed by the constitution is preserved as a right of the person accused and that he may waive the right. These concessions, it seems to me, are fatal to the conclusion of the opinion." 347 Ill. at p. 418.

The dissenting opinion also pointed out that the guaranties enumerated in section 9 of the bill of rights are not made to the State, but to the person accused of a crime. "The framers of the constitution were intent upon preserving these rights for the protection of the individual and

they declared them in unequivocal language unhampered by any condition or requirement in the interest of the State.

"It is not denied that an accused person may, without the consent of the State, waive his right to appear and defend by counsel, to have a copy of the accusation against him, to meet the prosecution's witnesses face to face, to have process to compel the attendance of witnesses in his behalf, and to have a speedy trial. All these rights are enumerated in the same section of the constitution as the right to a trial by jury. If an accused person may waive, despite objection by the State, the other constitutional safeguards which section 9 of the bill of rights provides for his protection, there is no reason for placing his waiver of the right to a jury trial, in case of like objection, upon a different basis. The power of a person accused of a criminal offense to waive his right to a jury trial is conceded in the opinion. To declare, as the majority does, that the prosecution's consent is necessary to make such a waiver effective is inconsistent with the defendant's acknowledged power, enables the State to nullify his act and reduces his power to waive a jury trial to a shadow.

"The requirement of the prosecution's consent to the defendant's waiver of a jury trial is sought to be justified in the opinion on the ground that the 'thing guaranteed' to the defendant 'is not the right to waive a jury trial but the right to have such a trial.' Before there can be the power to waive a jury trial, the right to such a trial must exist. The framers of the constitution were concerned with the essential right out of which the power to waive would arise. They took cognizance of the existence of an accused person's right to a jury trial and they safeguarded that right by giving it a constitutional order and dignity. The power to waive follows the existence of the right, and there is no necessity of guaranteeing the right to waive a jury trial. *People* v. *Fisher,* 340 Ill. 250." 347 Ill. at pp. 418, 419.

In 1941 the General Assembly amended the Criminal Code and provided that "in any case where the defendant pleads guilty or waives a jury, the cause shall be heard and determined by the court without a jury." (Ill. Rev. Stat. 1953, chap. 38, par. 736.) Thereafter in *People* v. *Scott*, 383 Ill. 122, the prosecution demanded a trial by jury after the defendant had waived it. The case was tried by a jury and the defendant was found guilty. Although the People did not challenge the constitutionality of the amendment in the trial court, they urged in this court that it violated section 5 of article II of the constitution. This court did not pass upon the contention raised by the People, but held that the statute violated section 1 of article VI of the constitution, saying: "Section 1 of article VI of the constitution places all judicial powers in the State of Illinois in the Supreme Court and other courts therein enumerated. The trial of a criminal case is certainly the exercise of judicial power. If the recent proviso is considered as mandatory it requires the circuit judge, upon the election of a defendant in a criminal case, to exercise judicial power in a manner directed by the legislature, and not in a manner as might be determined by the court.

"If the act is given the full effect claimed by plaintiff in error a judge would be handicapped or limited in the performance of his judicial duties. Cases may well arise where it would be improper for a judge to try the case himself, and yet be compelled to do so if the defendant in a criminal case would waive a jury and so require it. We have held a number of times that the judicial power is vested solely in the courts, and may not be limited by the legislature. (*People* v. *Bruner*, 343 Ill. 146; *People ex rel. Nauert* v. *Smith*, 327 Ill. 11; *People ex rel. Swanson* v. *Fisher*, 340 Ill. 250; *Murphy* v. *Luecht & Co.* 379 Ill. 227; *People ex rel. Day* v. *Lewis*, 376 Ill. 509.) The amendment in question attempts to specify how the judicial power

shall be exercised under the given circumstances, and conflicts with section 1 of article VI of the constitution."

In the case before us the trial court appears to have relied upon *People* v. *Scott* in insisting that the case be submitted to a jury. That there are limits beyond which the legislature may not go in specifying how judicial power is to be exercised is clear. The legislature cannot direct the judiciary how cases should be decided, (*Agran* v. *Checker Taxi Co.* 412 Ill. 145,) nor can it unduly circumscribe the power of courts to determine facts and apply the law to them. (*People* v. *Falk,* 310 Ill. 282; *Murphy* v. *A. H. Luecht & Co.* 379 Ill. 227; *Carolene Products Co.* v. *McLaughlin,* 365 Ill. 62.) That section 1 of article VI of the constitution grants all powers necessary for complete performance of the judicial function appears from our decisions in *People* v. *Callopy,* 358 Ill. 11; *People ex rel. Illinois State Bar Association* v. *People's Stock Yards State Bank,* 344 Ill. 462, and *In re Day,* 181 Ill. 73, among other cases.

None of these cases, however, goes so far as to assert an inherent power in the judiciary to override the choice of the parties in determining whether a particular case is to be tried by a jury or by the court, or to override the determination of the legislature as to the method of trial to be employed where a jury trial is not required by the constitution. Under the holding in the *Scott case,* a court would be entitled to submit a case to the jury upon a plea of guilty in those instances in which the jury fixes the penalty. (See Ill. Rev. Stat. 1953, chap. 38, par. 801.) And since the *Scott case* is based upon the judiciary article of the constitution, the effect of its holding cannot be limited to criminal cases. If the power there asserted to determine the method of trial exists in criminal cases it also exists in civil cases. Yet *Stephens* v. *Kasten,* 383 Ill. 127, decided on the same day as the *Scott case,* suggests that a different approach has been taken in civil cases.

There the validity of section 64 of the Civil Practice Act (Ill. Rev. Stat. 1953, chap. 110, par. 188,) was sustained. That section provides for waiver of trial by jury in civil cases by failure to demand it. The court there said: "That the legislature has the power to regulate trials by jury is indicated by court approval of the statute providing that payment of a reasonable amount of money as jury fees should be made at the time of filing a demand for jury." 383 Ill. at 132; see *Morrison Hotel and Restaurant Co.* v. *Kirsner,* 245 Ill. 431; *Williams* v. *Gottschalk,* 231 Ill. 175.

To construe the 1941 amendment to the Criminal Code as an encroachment upon judicial powers would not only cast doubt on the validity of section 64 and many other provisions of the Civil Practice Act, but on many other provisions of the Criminal Code as well. (See Zacharias, Waiver of Jury in Criminal Cases, 22 Chicago-Kent L. R. 138.) Nor are we impressed by the suggestion in the *Scott case* that "Cases may well arise where it would be improper for a judge to try the case himself, and yet be compelled to do so if the defendant in a criminal case would waive a jury and so require it." So far as we can see, whatever considerations would make it improper for a judge to try the case without a jury, would also make it improper for him to try the case with a jury.

Statutes similar to that in the *Scott case* have frequently been sustained. (See: *State* v. *Worden,* 46 Conn. 349; *Baader* v. *State,* 201 Ala. 76, 77 So. 370; *Wadkins* v. *State,* 127 Ga. 45, 56 S.E. 74; *People* v. *Steele,* 94 Mich. 437, 54 N.W. 171; *People* v. *Martin,* 256 Mich 33, 239 N.W. 341; *State* v. *Smith,* 123 Ohio St. 237, 174 N.E. 768; *Moore* v. *State,* 22 Tex. App. 117, 2 S.W. 634; *Schulman* v. *State,* 76 Tex. Crim. Rep. 229, 173 S.W. 1195; *Grady* v. *State,* 35 S.W. 2d 158.) *People* v. *Scott* is overruled.

The opinion of the majority in the *Scornavache case* has been sharply criticized; (Hall, "Has the State a Right

to Trial by Jury in Criminal Cases?" 18 A.B.A. Jour. 226,) and strong arguments were advanced in the dissenting opinion. As the dissenting opinion pointed out, the opinion of the majority was not based upon the provisions of the constitution, but rather upon a public policy drawn from custom and the court's view of the desirability of "maintence of a jury as a fact finding body." That the custom of trying criminal cases by jury gave rise to a right in the People to object to a trial by the court upon waiver of a jury trial by the accused may well be doubted. The soundness of the majority's conclusion upon that issue is not now significant, however, for its view of public policy was flatly rejected by the General Assembly in its amendment to the criminal Code in 1941. That amendment removed the only basis upon which the prevailing opinion in the *Scornavache case* rested. *People* v. *Scornavache* is overruled.

For the reason that defendant's motions to waive a trial by jury should have been granted, the judgment of conviction cannot stand. The judgment of the circuit court of Champaign County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*