THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL FOWLER, Defendant-Appellant.

(No. 72-110;

Fifth District—December 8, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Peyton Berbling, State's Attorney, of Cairo, (William F. Meehan, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

Defendant appeals from a judgment of the trial court of Alexander County denying his petition seeking relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, par. 122—1), and denying his petition for writ of *habeas corpus.*

Defendant Samuel Fowler was charged by indictment with the crime of attempt murder (Ill. Rev. Stat., ch. 38, par. 8—4), on October 12, 1969. On November 20, 1969 he entered a plea of guilty to that charge in the Circuit Court of Alexander County and was sentenced to a term of not less than four nor more than eight years in the Illinois State Penitentiary System. On September 10, 1970 defendant filed a petition for post-conviction relief and on November 20, 1970, he filed a petition for a writ of *habeas corpus.*

Separate hearings were held on December 17, 1970, and relief was denied on both petitions.

The record contains only a brief account of the actions on which the charge against the defendant was based. Defendant, while at his place of employment in a factory, became involved in a fist fight with a fellow employee. The fighting apparently ended and defendant was being led away from the area by a supervisor. At this point, he produced a pistol and fired a shot at another fellow employee. Defendant, in his hearing in mitigation and aggravation, claimed that his target had started to reach for him and he feared harm from him. According to his own testimony, the man he fired at was unarmed. Defendant offered no explanation for his carrying a pistol at work. According to the State's Attorney, if this had proceeded to trial on the not guilty plea, three witnesses would have testified that there was no such overt act on the part of the man fired at.

■■ Defendant's appeal from the order denying his petition for relief pursuant to the Post-Conviction Hearing Act must be determined on the basis of whether defendant has been convicted and incarcerated in violation of his constitutional rights. *People v. Cox,* 12 Ill.2d 265, 146 N.E.2d 19; *People v. Bernatowicz,* 413 Ill. 181.

■■ Defendant first contends that the trial court failed to determine that a factual basis existed in support of the alleged offense prior to accepting his guilty plea and that this constituted a denial of due process and equal protection of law. The record supports his statement that the factual basis for the plea was not developed until after the plea of guilty was entered. It was, however, determined before final judgment was entered.

Although the practice was not uncommon, there was no specific requirement for the trial court to determine that there was a factual basis for a plea of guilty prior to the adoption of Supreme Court Rule 402(c), effective September 17, 1970. However, assuming that such was the law prior to the passage of the rule, we believe that the requirement would be satisfied by such a determination prior to final judgment. We therefore find that there was a sufficient factual basis for the defendant's plea prior to entry of final judgment by the trial court and that defendant was not deprived of any right under the Constitution of the United States or the Constitution of the State of Illinois in this respect.

■■ Defendant next contends that there was substantial denial of his rights under the Constitutions of the United States and of the State of Illinois in that evidence offered by the State in aggravation was irrelevant, inflammatory and prejudicial to defendant because:

> "On a hearing of this kind (as to aggravating or mitigating circumstances) the prosecutor is under both a legal and moral duty not to offer anything for the consideration of the trial judge which may be of doubtful competency and materiality. On this kind of a hearing the attorneys must be held accountable for the highest ethical standards and if it can be seen that a breach of such standards has prejudiced a defendant it must be expected that any sentence so attained will be set aside." *People v. Riley*, 376 Ill. 364, 33 N.E.2d 872 at 874-875.

The evidence offered by the State, here put into dispute, consisted of the record of defendant's previous conviction of murder for which he served ten years in the penitentiary, a bastardy proceedings, and defendant's school record. There is no indication of whether the last item was favorable or unfavorable to defendant. His counsel's objection to the bastardy case was sustained.

The standard set forth in *Riley* is given another dimension in *People v. Williams*, 2 Ill.App.3d 939, 275 N.E.2d 215:

> "A sentencing court is not confined to evidence showing guilt or bound by rules of evidence at trial but may look to facts of crime and search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate offense, inquiring into gen-

eral moral character of defendant, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination of aversion to commit crime, his motivations, and his life, family, occupation and record. *People v. Adkins*, 41 Ill.2d 297, 242 N.E.2d 258."

It appears from the record that the trial judge took into consideration the evidence properly adduced, both favorable and unfavorable to the defendant, and met reasonable standards as delineated by these prior decisions.

■■ Defendant next contends that the trial court erred in denying his petition for a writ of *habeas corpus* because the indictment for attempt murder on which defendant was sentenced completely failed to state an offense in that it factually specified nothing other than that defendant "attempted to kill" a specified individual at a certain time and place. The indictment is worded as follows:

"Samuel Fowler * * * on the 23d day of September * * * 1969 at and within the said County of Alexander committed the offense of ATTEMPT, in that the said Samuel Fowler, with the intent to commit the offense of murder, intentionally and knowingly attempted to kill one Ronnie Fair, without lawful justification, in violation of Chapter 38, Section 8—4 of the Illinois Revised Statutes 1967."

The defendant argues that the indictment does not adequately describe an act or acts which constituted a substantial step toward commission of the offense. He contends that it lacks the exactitude necessary to enable him to plead his conviction as a bar to further prosecution for the same offense. Illinois courts have not agreed with this contention. They have stated, and we agree, that an attempt to kill is clearly an act constituting a substantial step toward commission of the offense of murder. (*People v. Drink*, 85 Ill.App.2d 202, 229 N.E.2d 409.) Although the indictment did not describe the particular method of the attempt it was unnecessary for the State to plead such evidentiary details. (*People v. Hughey*, 382 Ill. 136, 47 N.E.2d 77; *People v. Meaderds*, 21 Ill.2d 145, 181 N.E.2d 638; *People v. Carpenter*, 266 N.E.2d 478.) The essence of the crime of assault with intent to murder, or "attempt * * * murder" as the indictment states, is the specific intent to take life (*People v. Coolidge*, 26 Ill.2d 533, 187 N.E.2d 694), and in a case of this kind the indictment need not set out the manner of the assault with any degree of particularity. (*Hamilton v. People*, 113 Ill. 34; *People v. Scott*, 383 Ill. 122, 48 N.E.2d 530.) The indictment specified that the defendant attempted the murder of a specified person on a certain date. This adequately informed the defendant of the nature and cause of the accusation, enabled him to prepare for his

defense and to plead the judgment in bar of a subsequent prosecution. Defendant's contention that the indictment is insufficient is rejected.

We find that the judgment of the trial court denying appellant the relief he sought pursuant to the Post-Conviction Hearing Act and denying his petition for writ of *habeas corpus* were correct. Accordingly, the judgment of the trial court of Alexander County is affirmed.

Judgment affirmed.