# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## OCTOBER SESSION, 1998

FILED

February 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM TERRY WYATT, | ) | C.C.A. NO. 03C01-9802-CC-00057 |
| | ) | |
| Appellant, | ) | |
| | ) | BLEDSOE COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. THOMAS W. GRAHAM, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**WILLIAM TERRY WYATT,** *pro* **se**          **JOHN KNOX WALKUP**
Southeastern Tennessee State          Attorney General & Reporter
Regional Correctional Facility
Route 4, Box 600                      **ELIZABETH B. MARNEY**
Pikeville, TN  37367-9243             Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, William Terry Wyatt, appeals the trial court's dismissal of his pro se petition for writ of habeas corpus. We affirm the judgment of the trial court.

Petitioner was indicted for attempted first-degree murder, especially aggravated kidnapping, aggravated rape, and theft over a thousand dollars. On February 3, 1995, Petitioner pled guilty to attempted second degree murder and kidnapping. He was sentenced to concurrent terms of eight (8) and four (4) years. Although no official "filed" date appears on the petition, it appears that Petitioner filed a pro se petition for writ of habeas corpus in the Bledsoe County Circuit Court on August 27, 1997. The trial court denied his petition on December 10, 1997. Petitioner now brings this appeal of the trial court's dismissal of his petition for habeas corpus relief and raises the following four issues: (1) the indictment charging him with attempted first degree murder was insufficient because it did not allege an overt act; (2) count two of the indictment charging the offense of especially aggravated kidnapping was insufficient because it did not allege the requisite mens rea; (3) the indictment charging him with attempted first degree murder was "flawed" because the crime occurred in White County, not in Cumberland County; and (4) the trial court should have considered his application for writ of habeas corpus as a petition for post-conviction relief.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the

judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

Defenses based on defects in the indictment are usually foreclosed if they are not raised prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). However, Rule 12(b)(2) also provides that a court shall notice at any time during the pendency of the proceedings the defense that the indictment fails to show jurisdiction in the court or that it fails to charge an offense. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). In the case sub judice, Petitioner contends that the indictment is so defective that it failed to clothe the court with jurisdiction to enter a judgment of conviction. A valid indictment is an essential jurisdictional element, without which there can be no prosecution. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); State v. Stokes, 954 S.W.2d 729, 730 (Tenn. 1997). "Because a habeas corpus proceeding will allow us to examine the record -- including the indictment -- it is an appropriate vehicle to determine whether a judgment is void." Dykes v. Compton, 978 S.W.2d at 529.

I.

We must determine whether Petitioner is entitled to relief under the circumstances of this case. The first defect complained of is that the indictment fails to allege an overt act. Petitioner mainly relies upon criminal conspiracy cases for this proposition. As stated by this Court in a similar case, "[t]he fallacy with this argument is that the indictment does not charge the appellant with conspiring to commit an offense. The indictment charges him with the commission of a substantive offense, attempt to commit murder in the first degree." State v. Stampley, C.C.A. No. 02-C-01-9409-CR-00208, slip op. at 7, Shelby County (Tenn. Crim. App., Jackson, Aug. 16, 1996) (Rule 11 application denied, Jan. 27, 1997). The Stampley case involved an indictment almost identical to the indictment in the present case. The indictment in the case before us reads in pertinent part as follows:

> [O]n the 7th day of March, 1994, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately and with premeditation attempt to kill [victim] in violation of T.C.A. 39-12-101, and against the peace and dignity of the [S]tate of Tennessee.

This Court ruled in Stampley that the "language clearly alleges that the appellant committed the offense of attempt to commit murder in the first degree," and that the issue was without merit. Id. We agree with that reasoning and find that the language, "did . . . attempt to kill [victim]," necessarily infers that an overt act was committed by Petitioner. But cf. State v. Michael K. Christian, Jr., C.C.A. No. 03C01-9609-CR-00336, Sullivan County (Tenn. Crim. App., Knoxville, Mar. 23, 1998) (Rule 11 application filed, May 26, 1998). This issue is without merit.

II.

-4-

In the second issue, the defect complained of is the omission from the indictment of any reference to the culpable mental state of "knowing" for the offense of especially aggravated kidnapping. Because of this omission, Petitioner asserts that the indictment failed to provide the convicting court with subject matter jurisdiction to impose judgment. However, the failure to charge a culpable mental state is not a defect so long as the indictment performs its essential constitutional and statutory purposes. Hill, 954 S.W.2d at 729.

The count of the indictment which Petitioner challenges states in part:

> [O]n the 7th day of March, 1994, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully remove or confine [victim] so as to interfere substantially with her liberty and did cause [victim] to suffer serious bodily injury in violation of T.C.A. 39-13-305(a)(4), and against the peace and dignity of the State of Tennessee.

Especially aggravated kidnapping is defined as false imprisonment accompanied by one of the factors set forth in Tenn. Code Ann. § 39-13-305. Here, the indictment alleges subsection (a)(4), namely, Petitioner committed this offense and as a result, the victim suffered serious bodily injury. Tenn. Code Ann. § 39-13-305(a)(4). The elements of the offense in the context of this case are: (a) the unlawful and knowing removal or confinement of another person; (b) substantial deprivation of the person's liberty; and (c) the victim suffered serious bodily injury. Tenn. Code Ann. § 39-13-302(a) and -305(a)(4). The mens rea for this offense is "knowingly." While the indictment does not allege the offense was committed "knowingly," the question becomes whether the facts contained in the indictment are sufficient to allege that the offense was in fact committed "knowingly." See State v.

Billy Joe Smith, C.C.A. No. 03-C-01-9508-CC-00250, Unicoi County (Tenn. Crim. App., Knoxville, Feb. 11, 1997) (mandate issued, Oct. 9, 1998).

The term "unlawful," as used in the false imprisonment statute, Tenn. Code Ann. § 39-13-302, means, among other things, that the offense was "accomplished by force, threat or fraud." Tenn. Code Ann. § 39-13-301(2). This indictment alleges that the victim was removed or confined by Petitioner, which necessarily implies the use of "force." This allegation, coupled with the averment that Petitioner caused the victim to suffer serious bodily injury, makes it obvious that Petitioner desired to commit the offense, and did so knowingly. See Smith, C.C.A. No. 03-C-01-9508-CC-00250, slip op. at 9. This issue is without merit.

III.

In this issue, Petitioner claims that the convicting court lacked territorial jurisdiction to try him on the attempted first-degree murder charge because the crime occurred in another county. Since it may be argued that venue raises a jurisdictional issue, and this Court is required to determine whether a trial court has jurisdiction of a particular controversy, this issue will also be considered on the merits. See State v. Turner, 919 S.W.2d 346, 358 (Tenn. Crim. App. 1995), perm. to appeal denied (Tenn. 1996).

The indictment returned by the Cumberland County Grand Jury states that the attempted murder was committed in Cumberland County. Petitioner made the preliminary hearing an exhibit to his petition, and he relies upon the testimony of the victim from the preliminary hearing where she stated that Petitioner attempted to

back over her with a car in Sparta, Tennessee which is in White County. However, the victim did not at any time state that this is where the attempted murder occurred. In fact, the victim stated that all four offenses charged in the indictment occurred in Cumberland County. Furthermore, the following incidents, which were testified to at the preliminary hearing, all occurred in Cumberland County: Petitioner fired several gun shots at victim's feet; he hit her in the chest and back with a gun; he hit her numerous times in the face until she was knocked unconscious; and he would not allow her to go home to get a "nitro" patch for her chest pains. All of these instances could be the basis for attempted first degree murder in Count One of the indictment. This proof is sufficient to establish venue by a preponderance of the evidence in Cumberland County. Tenn. Code Ann. § 39-11-201(e). This issue is without merit.

IV.

We note that although it appears Petitioner is no longer pursuing the issue that the trial court should have considered his application for writ of habeas corpus as a petition for post-conviction relief, we will nonetheless briefly address the issue. See Tenn. Code Ann. § 40-30-205(c). There is no evidence in the record that Petitioner pursued a direct appeal of his February 3, 1995, guilty plea convictions. At the time the Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three (3) years to one (1) year. Tenn. Code Ann. § 40-30-202(a). The new 1995 Post-Conviction Act governs this petition and all petitions filed after May 10, 1995. Because the previous three-year statute of

limitations had not expired for the Petitioner at the time the new Act took effect, his right to petition for post-conviction relief survived under the new Act. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). As a result, the Petitioner had one year from the effective date of the new Act, May 10, 1995, to file for post-conviction relief. Tenn. Code Ann. § 40-30-202(a) and -201. The Petitioner filed his petition for post-conviction relief on or about August 27, 1997. Therefore, a petition for post-conviction relief would be time-barred. Also, the petition raises no viable exception for tolling the statute. Tenn. Code Ann. § 40-30-202(b).

Additionally, Petitioner was convicted in Cumberland County. His petition for writ of habeas corpus was filed in Bledsoe County, the proper venue for habeas corpus relief but not post-conviction relief. Compare Tenn. Code Ann. § 40-30-204(a) (post-conviction petition shall be filed in court where conviction occurred) with Tenn. Code Ann. § 29-21-105 (petition for writ of habeas corpus shall be filed in court "most convenient in point of distance" to petitioner unless a sufficient reason is given in the petition). Accordingly, we conclude that the trial court did not err by failing to treat the application as one for post-conviction relief, and therefore, a summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b).

Based on all the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

(SEE CONCURRING OPINION)
GARY R. WADE, Presiding Judge

_____
DAVID H. WELLES, Judge

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1999

FILED

February 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIAM TERRY WYATT,** | ) | **C.C.A. NO. 03C01-9802-CC-00057** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **BLEDSOE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. THOMAS W. GRAHAM,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## CONCURRING OPINION

I concur in the principal opinion of Judge Woodall and in the concurring opinion of Presiding Judge Wade. I am authorized to say that Judge Woodall concurs with this concurring opinion.

_____
DAVID H. WELLES, JUDGE

FILED

February 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM TERRY WYATT,   )   C.C.A. NO. 03C01-9802-CC-00057
   )
   Appellant,   )
   )   BLEDSOE COUNTY
V.   )
   )   HON. THOMAS W. GRAHAM, JUDGE
STATE OF TENNESSEE,   )
   )
   Appellee.   )   (HABEAS CORPUS)

## CONCURRING OPINION

While I concur in the results reached by the majority, I write separately to address my views on the first issue; that is, whether the indictment is insufficient to support an attempted first degree murder conviction because it failed to allege an overt act. The indictment includes the following language:

> [O]n the 7th day of March, 1994, in Cumberland County, Tennessee ... [the defendant] did unlawfully, intentionally, deliberately and with premeditation attempt to kill [the victim] in violation of T.C.A. § 39-12-101 ....

In concluding that the indictment was sufficient, the majority relies upon State v. Cedric E. Stampley, C.C.A. No. 02C01-9409-CR-00208, slip op. at 9 (Tenn. Crim. App., at Jackson, Aug. 16, 1996), app. denied, (Tenn., Jan. 27, 1997). In Stampley, the pertinent language of the indictment was as follows:

> [Stampley] did unlawfully attempt to commit the offense of First Degree Murder, as defined in T.C.A. 39-13-202; in that the said [Stampley] did unlawfully, intentionally, deliberately and with premeditation attempt to kill LONZO NICKS, in violation of T.C.A. 39-12-101 ....

Id. Because Stampley was charged with a substantive offense, the assigned panel determined that there was no requirement on the part of the state to include language alleging an overt act. Id.

In my view, the opinion of a different panel of this court in State v. Michael K. Christian, Jr., C.C.A. No. 03C01-9609-CR-00336, slip op. at 13 (Tenn. Crim. App., at Knoxville, Mar. 23, 1998), app. denied, (Tenn., Jan. 19, 1999), more accurately identifies the requirements governing the content of an indictment. The charging instrument in Christian alleged as follows:

> [The defendant] did attempt to kill [the victim] by stabbing [her] with a deadly weapon ... which conduct constituted a substantial step toward the commission of the said offense.

Id. Christian had argued that the indictment was deficient because it failed to encompass the complete language of the attempt statute. Id., slip op. at 13-14. The panel held that an indictment need not quote the attempt statute so long as the factual allegations included the criminal intent for a specific crime and an overt act incident thereto. Id.

More recently, in James R. Twitty v. Carlton, C.C.A. No. 03C01-9707-CR-00310, slip op. at 4 (Tenn. Crim. App., at Knoxville, Jan. 6, 1999), a panel of this court split on whether an indictment which alleged "[that Twitty] did unlawfully, deliberately and with premeditation attempt to kill [victim], in violation of [T.C.A.] 39-12-101, ...." was sufficient to support a conviction. The majority relied upon Stampley. In his dissent, Judge Joseph M. Tipton quoted extensively from Christian in concluding that the indictment was inadequate because it failed to allege facts supporting the overt act:

> The indictment is required to state the facts that constitute the offense. T.C.A. § 40-13-202. Each of the three means of criminal attempt provided in T.C.A. §

-12-

> 39-12-101 requires an act or actions to go with the intent to commit an offense .... The failure of the charging instrument to allege any conduct or action by the petitioner relative to him intending to commit first degree murder renders the indictment fatally deficient.

Id., dissenting op. at 3.

To place the issues in better context, a review of several other cases which have addressed the adequacy of indictments charging attempt is in order. In State v. Jimmie Lee DeMoss, C.C.A. No. 02C01-9406-CC-00127, slip op. at 3 (Tenn. Crim. App., at Jackson, April 26, 1995), the indictment provided as follows:

> [T]hat JIMMIE LEE DEMOSS ... did unlawfully, intentionally, deliberately and with premeditation attempt to kill KATHEY LYNN BROWN, in violation of T.C.A. § 39-12-101 and T.C.A. § 39-13-202 ....

DeMoss argued that the indictment was deficient "because it does not allege ... how the attempt to kill the alleged victims was carried out and what weapon was used in the alleged attempted murders." Id., slip op. at 3. The panel held that the indictment was sufficient because precise factual pleading, a requirement under the common law, was not necessary under the terms of the particular statute. Id., slip op. at 3-4. The indictment in this case cannot be distinguished from that in DeMoss. There have been factual allegations in each instance. The supreme court granted review in DeMoss. No opinion has been issued to date.

Similarly, in State v. Steve Mason, the indictment included minimal factual allegations:

> [That the defendant] ... did unlawfully, intentionally, deliberately and with premeditation attempt to kill Jesse Jones, in violation of Tennessee Code Annotated 39-12-101, and Tennessee Code Annotated 39-13-202 ...

C.C.A. No. 01C01-9603-CC-00103, slip op. at 7-8 (Tenn. Crim. App., at Nashville, June 6, 1997). Mason had argued that the traditional rule required more information, "such as how the attempt upon Jones' life was perpetrated." This court disagreed, holding that the indictment was sufficient and that Mason could obtain additional facts through a bill of particulars. Id., slip op. at 8. On March 2, 1998, our supreme court denied permission to appeal.

In State v. Dock Battles, C.C.A. No. 02C01-9501-CC-00019, slip op. at 2 (Tenn. Crim. App., at Jackson, Nov. 29, 1995), app. denied, (Tenn., Apr. 1, 1996), an indictment charging attempted aggravated burglary was challenged on the basis that it failed to allege the essential elements of attempt, i.e., an overt act or substantial step. The instrument charged as follows:

> [That Battles] did unlawfully attempt to commit ... Aggravated Burglary, as defined in T.C.A. § 39-13-403; in that he ... did unlawfully attempt to enter the habitation of [the victim], not open to the public, without the effective consent of [the victim], with intent to commit theft, in violation of T.C.A. § 39-12-101....

Id. This court adopted a dictionary definition of attempt, "to make an effort to do, accomplish, solve, or effect." Id., slip op. at 3 (quoting Webster's Ninth New Collegiate Dictionary (1983)). Based upon ordinary meaning of attempt, the panel held that "attempt to enter the habitation of the victim" was sufficient to allege a substantial step or overt act. Id.

In several recent cases, our supreme court also appears to have relaxed the common law requirements governing indictments. Initially, in State v. Trusty, an indictment included the following language:

> [That the defendant] ... did unlawfully attempt to commit the offense of Murder First Degree, as defined in T.C.A. 39-13-202, in that he, the said Wayne

-14-

> Trust[y], did unlawfully, intentionally, deliberately and with premeditation attempt to kill Hunter Bell, in violation of T.C.A. 39-12-101 ....

919 S.W.2d 305, 312 (Tenn. 1996). The supreme court ruled that the "indictment allege[d] the essential elements of attempted first-degree murder and could thus form the basis for a conviction." Id. In State v. Hill, 954 S.W.2d 725, 728 (Tenn. 1997), our supreme court pointed out that "the description of the proof necessary to sustain a conviction must be both more inclusive and conclusive than the language of an indictment."

In Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998), the court observed as follows:

> [W]e wish to emphasize once again the fact that the Court has moved away from the strict pleading requirements of common law. As we noted in Hill, "the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." So long as the constitutional and statutory requirements in Hill are met, the indictment will be sufficient to support a conviction.

Id. at 530 (internal citations omitted) (emphasis added). Finally, in Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998), our supreme court reiterated its intent to "relax strict pleading requirements of the common law" and concluded that "where the constitutional and statutory requirements outlined in Hill are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction."

This more recent view is consistent with holdings from other jurisdictions. In People v. Fowler, 290 N.E.2d 618, 620 (Ill. App. 1972), the Illinois Appellate Court held, "An attempt to kill is clearly an act constituting a substantial step toward commission of the offense of murder. Although the

-15-

indictment did not describe the particular method of the attempt it was unnecessary for the state to plead such evidentiary details."  In <u>Reese v. State</u>, 456 So.2d 341, 347-48 (Ala. Crim. App. 1982), <u>cert. denied</u>, (Ala. 1983), the Alabama Court of Criminal Appeals held, "[T]he allegation that the defendant with the requisite intent, 'attempted to kill and murder' a named victim, was sufficient to describe an act which constituted a substantial step toward the commission of murder."

So long as the charging instrument alleges the criminal intent to commit the specific crime and an overt act, an attempt indictment is sufficient. <u>Christian</u>, slip op. at 13-14.  In the indictment before us, the terms "unlawfully, intentionally, deliberately and with premeditation" embody the criminal intent required to commit the specific crime of first degree murder.  In my view, "attempt to kill" is a general allegation of the act or conduct of the defendant.  The view I expressed in <u>Christian</u> on behalf of the panel is not at odds with the holdings in our supreme court cases or in those from other jurisdictions.  Because this indictment includes adequate language to support a conviction of attempt, I concur in the decision of the majority.

_____
Gary R. Wade, Presiding Judge