IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION



FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHRIS FREEMAN, | * | C.C.A. # 02C01-9807-CC-00202 |
| Appellant, | * | LAKE COUNTY |
| VS. | * | Hon. R. Lee Moore, Jr., Judge |
| FRED RANEY, WARDEN, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Chris Freeman, Pro Se
N.W.C.C.
Route 1, Box 660
Tiptonville, TN 38079

For Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Chris Freeman, appeals the trial court's denial of his petition for writ of habeas corpus. In this appeal of right, the petitioner argues that his judgment of conviction for attempted second degree murder is void because the underlying indictment failed to allege an overt act constituting a substantial step towards the commission of the crime.

We affirm the judgment of the trial court.

On August 23, 1995, the petitioner was convicted of two counts of attempted second degree murder, reckless endangerment, and unlawful possession of a weapon. The trial court imposed Range II, consecutive sentences of fifteen years on each count of attempted murder. Because the sentences on the remaining counts were concurrent, the effective sentence was thirty years. In the petition filed in the trial court, the petitioner alleged that he was denied the effective assistance of counsel and that the indictment on Count Two was insufficient to support an attempted second degree murder conviction.

The trial court dismissed the petition on the basis that neither an inadequate indictment nor ineffective assistance of counsel were proper subjects for habeas corpus relief. In this appeal, the petitioner has not challenged the correctness of the order of the trial court pertaining to the ineffective assistance of counsel claim; therefore, this court will address only the indictment issue.

Initially, the habeas corpus remedy is limited in scope. Codified at Tenn. Code Ann. §§ 29-21-101 to -130, the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner held in custody after his term of

2

imprisonment has expired. State ex rel. Hall v. Meadows, 389 S.W.2d 256, 259 (Tenn. 1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments. See State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). "A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Habeas corpus actions may, however, be brought to contest an illegal confinement at any time while the prisoner is incarcerated. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Here, the indictment alleged that the petitioner attempted to commit the criminal offense of first degree murder, "an intentional, premeditated and deliberate killing of another, by acting with intent to cause a result that is an element of the offense, to-wit: shooting at Marcus Treadwell ... and believing the said conduct would cause the said result without further conduct on his part...." Tennessee Code Annotated section 39-12-101(a)(2) provides that one commits a criminal attempt by acting "with intent to cause a result that is an element of the offense, and believ[ing] the conduct will the cause the result without further conduct on the person's part."

In James R. Twitty v. Carlton, No. 03C01-9707-CR-00310, slip op. at 4 (Tenn. Crim. App., at Knoxville, Jan. 6, 1999), a panel of this court split on whether an indictment which alleged that "[Twitty] did unlawfully, deliberately and with premeditation attempt to kill [the victim] in violation of [Tenn. Code Ann.] 39-12-101, ... " was sufficient to support a conviction. The majority relied on State v. Cedric E. Stampley, No. 02C01-9409-CR-00208 (Tenn. Crim. App., at Jackson, Aug. 16, 1996), app. denied, (Tenn., Jan. 27, 1997). In his dissent, Judge Joseph M. Tipton quoted extensively from State v. Michael K. Christian, Jr., No. 03C01-9609-CR-

3

00336, slip op. at 13 (Tenn. Crim. App., at Knoxville, Mar. 23, 1998), app. denied, (Tenn., Jan. 19, 1999), and concluded that the indictment was inadequate because it failed to allege facts supporting the overt act:

> The indictment is required to state the facts that
> constitute the offense.  [Tenn. Code Ann.] § 40-13-202.
> Each of the three means of criminal attempt provided in
> [Tenn. Code Ann.] § 39-12-101 requires an act or actions
> to go with the intent to commit an offense....  The failure
> of the charging instrument to allege any conduct or action
> by the petitioner relative to him intending to commit first
> degree murder renders the indictment fatally deficient.

Id., dissenting op. at 3.  There are several other cases which have addressed the adequacy of indictments charging attempt.  In State v. Jimmie Lee DeMoss, No. 02C01-9406-CC-00127, slip op. at 3 (Tenn. Crim. App., at Jackson, April 26, 1995), the indictment provided as follows:

> [T]hat JIMMIE LEE DEMOSS ... did unlawfully,
> intentionally, deliberately and with premeditation attempt
> to kill KATHEY LYNN BROWN, in violation of T.C.A. §
> 39-12-101 and T.C.A. § 39-13-202 ....

DeMoss argued that the indictment was deficient "because it does not allege ... how the attempt to kill the alleged victims was carried out and what weapon was used in the alleged attempted murders."  Id., slip op. at 3.  The panel held that the indictment was sufficient because precise factual pleading, a requirement under the common law, was not necessary under the terms of the particular statute.  Id., slip op. at 3-4.  The indictment in this case cannot be distinguished from that in DeMoss. There have been factual allegations in each instance.  The supreme court granted review in DeMoss.  No opinion has been issued to date.


Similarly, in State v. Steve Mason, the indictment included minimal factual allegations:

> [That the defendant] ... did unlawfully, intentionally,
> deliberately and with premeditation attempt to kill Jesse
> Jones, in violation of Tennessee Code Annotated 39-12-
> 101, and Tennessee Code Annotated 39-13-202 ...

4

No. 01C01-9603-CC-00103, slip op. at 7-8 (Tenn. Crim. App., at Nashville, June 6, 1997). Mason had argued that the traditional rule required more information, "such as how the attempt upon Jones' life was perpetrated." This court disagreed, holding that the indictment was sufficient and that Mason could obtain additional facts through a bill of particulars. Id., slip op. at 8. On February 23, 1998, our supreme court denied permission to appeal.

In State v. Dock Battles, No. 02C01-9501-CC-00019, slip op. at 2 (Tenn. Crim. App., at Jackson, Nov. 29, 1995), app. denied, (Tenn., April 1, 1996), an indictment charging attempted aggravated burglary was challenged on the basis that it failed to allege the essential elements of attempt, i.e., an overt act or substantial step. The instrument charged as follows:

> [That Battles] did unlawfully attempt to commit ...
> Aggravated Burglary, as defined in T.C.A. § 39-13-403;
> in that he ... did unlawfully attempt to enter the habitation
> of [the victim], not open to the public, without the
> effective consent of [the victim], with intent to commit
> theft, in violation of T.C.A. § 39-12-101....

Id. This court adopted a dictionary definition of attempt, "to make an effort to do, accomplish, solve, or effect." Id., slip op. at 3 (quoting Webster's Ninth New Collegiate Dictionary (1983)). Based upon the ordinary meaning of the word attempt, the panel held that "attempt to enter the habitation of the victim" was sufficient to allege a substantial step or overt act. Id.

In several recent cases, our supreme court also appears to have relaxed the common law requirements governing indictments. Initially, in State v. Trusty, an indictment included the following language:

> [That the defendant] ... did unlawfully attempt to commit
> the offense of Murder First Degree, as defined in T.C.A.
> 39-13-202, in that he, the said Wayne Trust[y], did
> unlawfully, intentionally, deliberately and with
> premeditation attempt to kill Hunter Bell, in violation of

5

T.C.A. 39-12-101 ....

919 S.W.2d 305, 312 (Tenn. 1996). The supreme court ruled that the "indictment allege[d] the essential elements of attempted first-degree murder and could thus form the basis for a conviction." Id. In State v. Hill, 954 S.W.2d 725, 728 (Tenn. 1997), our supreme court pointed out that "the description of the proof necessary to sustain a conviction must be both more inclusive and conclusive than the language of an indictment."

In Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998), the court observed as follows:

> [W]e wish to emphasize once again the fact that the Court has moved away from the strict pleading requirements of common law. As we noted in Hill, "the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." So long as the constitutional and statutory requirements in Hill are met, the indictment will be sufficient to support a conviction.

Id. at 530 (internal citations omitted) (emphasis added).

Finally, in Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998), our supreme court reiterated its intent to "relax strict pleading requirements of the common law" and concluded that "where the constitutional and statutory requirements outlined in Hill are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction."

This more recent view is consistent with holdings from other jurisdictions. In People v. Fowler, 290 N.E.2d 618, 620 (Ill. App. 1972), the Illinois Appellate Court held, "An attempt to kill is clearly an act constituting a substantial step toward commission of the offense of murder. Although the indictment did not

6

describe the particular method of the attempt it was unnecessary for the state to plead such evidentiary details." In <u>Reese v. State</u>, 456 So.2d 341, 347-48 (Ala. Crim. App. 1982), <u>cert. denied</u>, (Ala. 1983), the Alabama Court of Criminal Appeals held, "[T]he allegation that the defendant with the requisite intent, 'attempted to kill and murder' a named victim, was sufficient to describe an act which constituted a substantial step toward the commission of murder."

The indictment in this case alleges as follows:

[The petitioner] unlawfully[,] feloniously and knowingly [did] attempt to commit the criminal offense of first degree murder, to wit: an intentional, premeditated and deliberate killing of another by acting with intent to cause a result that is an element of the offense, to-wit: shooting at Marcus Treadwell while he was in Terrell Davis' car and actually striking the car numerous times, and believing the said conduct would cause the said result without further conduct on his part, in violation of ... [Tenn. Code Ann.] § 39-12-101, a Class A felony.

These allegations embody the criminal intent required. In our view, this was more than sufficient to embody an overt act and a substantial step. Because this indictment includes adequate language to support a conviction of attempt, the judgment would not be void and, therefore, the petitioner would not be entitled to relief.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

7

CONCUR:


_____
Thomas T. Woodall, Judge


_____
John Everett Williams, Judge